MENN, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 26—May 21, 1907.*

*Bastardy: Instructions to jury: Inconsistency: Allowing 'conjecture as to facts: Stating effect of conviction: Importance of case to parties.*

1. In a bastardy proceeding an instruction that if the jury were not satisfied beyond a reasonable doubt that the sexual act took place at a certain time and place defendant should be acquitted unless the jury found from the evidence that he did have intercourse with the complainant' at some other time and place within the period of gestation, and instructions to the effect that the date of the act was an important fact, that there was no evidence that it occurred at any time except at the certain time above referred to, and that they had no right to guess or speculate as to what the facts might be outside of the evidence, were hopelessly inconsistent and contradictory.

2. There being no evidence of intercourse at any other than the particular time and place referred to, and intercourse at any other time within the significant period being denied by complainant and disproved by other undisputed evidence, the instruction first above mentioned was fatally erroneous in that it conveyed to the jury the idea that they might base their verdict upon conjecture as to the facts.

3. In a bastardy proceeding the court should not undertake to explain to the jury the effect upon defendant of a conviction.

4. An instruction, in a bastardy proceeding, that the interest of the state and county to be relieved from expense by reason of the illegitimate child was at stake, and therefore "the case' is equally important to both sides," is criticised, but whether it was prejudicially erroneous is not determined.

ERROR to review a judgment of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge. *Reversed.*

Charge of bastardy laid by Louisa Veith alleging paternity of child born July 1, 1905. The evidence of prosecutrix was that on the evening of Sunday, October 16, 1904, she, in company with two other girls, attended church in the village of Norwalk, and that at the close of the services defendant joined her at the church door and walked along with her, al-

lowing her companions to go ahead, whereupon he and she
went into an obscure place, where intercourse was had upon
which she predicates his paternity. She asserts most posi-
tively that at no other time did he have intercourse with
her, and she offered evidence to show the impossibility of
such an episode on any other Sunday evening within the pe-
riod of possible conception. The defense consisted of proof
that the witness was not at the village of Norwalk on the
Sunday evening in question, but was at a neighboring village
in company with others; the witnesses testifying to such
events fixing the date by reference to certain church records
and also by reference to the date of delivery of an organ at
defendant's house which is shown by the railroad freight rec-
ords. The prosecutrix's witnesses fix the date of the event to
which they testified by the fact that it was one week before
the defendant and certain friends went upon a journey, con-
fessedly October 23d. One of her witnesses also fixes it with
reference to the date when he bought a railroad ticket, which
is also shown by the records of the railroad office. The jury
found the defendant guilty, and judgment for the payment of
certain sums of money was entered, to review which he brings
writ of error.

For the plaintiff in error there was a brief by *Howard*
*Teasdale* and *Winter & Esch,* and oral argument by *Mr. Teas-*
*dale* and *Mr. Frank Winter.*

For the defendant in error there was a brief by the *Attor-*
*ney General* and *J. E. Messerschmidt,* state law examiner,
and oral argument by *Mr. Messerschmidt.*

DODGE, J.  1. Errors assigned upon the trial court's re-
fusal to rule that the evidence could not support a verdict of
guilty must be overruled. While a large amount of evidence
was introduced to establish defendant's *alibi* at the only
time when it was claimed intercourse was had, and while that
evidence is rendered very definite as to date by reference to
certain records and other ascertained events, yet the prose-

cutrix's own testimony as to time, as also that of several cor-
roborative witnesses, is no less positive and no less certainly
connected with events the dates of which are hardly debat-
able. The jury must have found that some witnesses falsified
or were mistaken, and the decision on that subject was with
them. If they had been clearly instructed that they must
acquit unless convinced beyond reasonable doubt that inter-
course took place at the time or occasion testified to by prose-
cutrix, we could not say but that they might have been so
convinced by the evidence.

· 2. Another error is assigned upon the final instruction in
the following words, the italics constituting the exceptionable
portion:

"If you are not satisfied beyond a reasonable doubt under
all the evidence that the sexual act took place between these
parties on the 16th of October, 1904, at the place alleged, the
defendant is entitled to an acquittal, *unless you find from the
evidence in this case that the defendant did have sexual inter-
course with the complainant at some other time and place
within the period of gestation.*"

There was absolutely no evidence of intercourse at any
other time and prosecutrix herself denied any such. The un-
disputed evidence for the defense negatived the occurrence at
any other time of the accompanying events narrated by prose-
cutrix, and in some degree corroborated by other witnesses.
Indeed, the trial court so viewed the evidence, for elsewhere
in his charge he instructed:

"The date of the act of sexual intercourse between the com-
plaining witness and the defendant is an important fact in
this action, and there is no evidence that it occurred at any
time except on the 16th of October, 1904. . . . The jury
must decide this case upon the evidence given in court, and
have no right to guess or speculate as to what the facts might
be outside of the evidence."

· We cannot escape the view that these instructions are hope-
lessly inconsistent. The jury were told at first that they could
not guess or conjecture, and later that they need not acquit if

they did guess or conjecture, that intercourse had taken place-
otherwise than as shown by the only evidence on the subject.
Such contradiction and inconsistency has of itself often been
held to necessitate reversal. *Sears v. Loy,* 19 Wis. 96, 98;
*Imhoff v. C. & M. R. Co.* 20 Wis. 344, 347; *Little v. Superior
R. T. R. Co.* 88 Wis. 402, 408, 60 N. W. 705; *Schmidt v.
State,* 124 Wis. 516, 102 N. W. 1071.

Apart from such mere conflict and contradiction, however,
it seems clear that the instruction excepted to is fatally erro-
neous in conveying to the jury the idea that, though they dis-
believed prosecutrix as to the only interview or occasion when
she testified sexual intercourse occurred, they might neverthe-
less legitimately conclude that there had been some other occa-
sion. It has often been declared prejudicial error to instruct
the jury directly or by implication that they may cast loose
from the evidence and guess or conjecture that some event oc-
curred as to which evidence is entirely wanting. *Sherman v.
Menominee R. L. Co.* 77 Wis. 14, 22, 45 N. W. 1079; *Little
v. Superior R. T. R. Co., supra; Musbach v. Wis. C. Co.* 108
Wis. 57, 69, 84 N. W. 36; *Sletten v. Madison,* 122 Wis. 251,
99 N. W. 1020; *Chybowski v. Bucyrus Co.* 127 Wis. 332,
340, 106 N. W. 833. In this case, not only was there entire
absence of evidence of intercourse at any other time within
period of possible conception, but there was express negation,
both by prosecutrix and by defendant as well, who not only de-
nied intercourse at any time, but gave proof of his where-
abouts and conduct on every Sunday evening during such pe-
riod; all of which was undisputed except as to the one occasion
which prosecutrix and her witnesses fixed as on October 16th.
State's counsel urges that the exact date of intercourse is not
material, but merely the fact of paternity. This may doubt-
less be conceded, but to justify a jury in believing in that
fact they must be convinced beyond reasonable doubt of the
act of intercourse, and that, too, by evidence and not by con-
jecture. This does not mean that the evidence must always

establish the exact time or the exact circumstances. It may be that a verdict might be sustained merely upon the fact of pregnancy and testimony that accused and no one else ever had intercourse, as was held by a court, not of last resort, in *Ross v. People,* 34 Ill. App. 21; but some such facts are lacking here, and others are established. Prosecutrix nowhere testifies to nonintercourse with others. Her conduct, as disclosed by the evidence, suggests reasons why counsel should have refrained from pressing such inquiry. But more important is the fact already mentioned, that the evidence irresistibly excludes any sexual intercourse unless the same took place in connection with and as part of a specified episode or meeting, which prosecutrix describes throughout, and as to parts of which several witnesses corroborate her. If the jury entertained a reasonable doubt that any such episode or meeting occurred at all, as they well might have done from the evidence that both defendant and prosecutrix were somewhere else at that time, they must unavoidably have refused to find that intercourse with the defendant was had at all during the significant period. Disbelief in the occurrence described left no proof of defendant's paternity and no warrant for belief therein save conjecture from the fact of pregnancy. As to that, as said in the *Musbach Case,* the function of the jury was not to decide where rested the greater probability of responsibility, but whether the evidence fastened it on the defendant beyond reasonable doubt.

3. Certain other elements of the charge are complained of. For example, the court undertook to explain the effect upon defendant of conviction, and, as defendant contends, did not explain it correctly, because of omission to state his liability to imprisonment for failure to pay the judgment. It is difficult to conceive any reason for enlarging on such subject to the jury. Their function is to declare whether a defendant is guilty, and not whether he ought to suffer the penalty which the law denounces. Such considerations may, and sometimes

do, obscure the real question to which the jury's decision should be confined. It were better they be omitted. *Duthey v. State,* 131 Wis. 178, 111 N. W. 222, 228.

Again, in the same field, the jury were told that the interest of the state and county to be relieved from expense by reason of this illegitimate child was at stake, and therefore "the case is equally important to both sides." This is a very doubtful proposition. Whether the interest of the state to convict can ever equal in importance the right of defendant to acquittal if innocent, is too debatable to be the subject of dogmatic statement to a jury. It would seem that comparative importance of the decision in a bastardy case might well vary with the characteristics and situation, reputation, and prospects of the defendant, as well as with the ability of the mother to protect the public from duty of support. We cannot think correct or safe, universally, the statement that the case is equally important to both sides. Whether prejudicial in this instance need not be decided, since reversal must result from the error in instructions previously discussed.

Other assignments of error, presenting questions not likely to arise upon another trial, may be passed over for the same reason.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.