FIELDER et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.    September 27, 1915.)

No. 4403.

1. CRIMINAL LAW ☞775, 782—TRIAL—INSTRUCTIONS.

In a prosecution for introducing liquor from without into that part of the state of Oklahoma which was formerly the Indian Territory, in violation of Act March 1, 1895, c. 145, 28 Stat. 693, charges that the jury as men of affairs understood that people frequently who have in mind to violate the law do so in such a way as to avoid detection, if possible, that the jury were the triers of fact, and suggestions by the court as to the weight of testimony were not binding, that the court deemed the jury should have little difficulty in arriving at the conclusion that the liquor came from without the state, and was introduced into the county by some one, and that an alibi is a proper defense, but more easy to fabricate than some other defenses, were not erroneous.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1833–1837, 1847, 1849, 1851, 1852, 1877, 1878, 1880–1882, 1906, 1907, 1909–1911, 1960, 1966, 1967; Dec. Dig. ☞775, 782.]

2. CRIMINAL LAW ☞1036—APPEAL—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Ordinarily the appellate courts will not consider the question whether there was substantial evidence to sustain a verdict, in the absence of a motion for instructed verdict by the defeated party at the close of the trial, and an exception to its denial; but in a criminal case, where the life or liberty of the citizen is at stake, the appellate court may, in the interests of justice, examine the evidence to see whether there was any substantial evidence whatever against accused, and, if none is found, reverse the conviction, though there was no motion for directed verdict, and no exception was taken, or assignment of error made.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1631–1640, 2639–2641; Dec. Dig. ☞1036.]

3. INDIANS ☞38—INTRODUCING LIQUOR INTO INDIAN COUNTRY—EVIDENCE.

In a prosecution for introducing intoxicants from without into that part of the state of Oklahoma which was formerly the Indian Territory, in violation of Act March 1, 1895, evidence *held* sufficient to sustain a conviction as to one of the defendants, but not as to the other.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 22, 64, 66; Dec. Dig. ☞38.

Introducing intoxicating liquors into Indian country, see note to Joplin Mercantile Co. v. United States, 131 C. C. A. 171.]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

C. E. Fielder and Tom Ford were convicted of introducing liquor from without the state of Oklahoma into that part of the state which was formerly the Indian Territory, and they bring error. Affirmed as to defendant Fielder, and reversed and remanded as to defendant Ford.

Guy H. Sigler, of Ardmore, Okl., for plaintiffs in error.

W. P. McGinnis, Sp. Asst. U. S. Atty., and D. H. Linebaugh, U. S. Atty., both of Muskogee, Okl.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SANBORN, Circuit Judge. The defendants below in this case were convicted of introducing liquor from without the state of Oklahoma into that part of the state which was formerly the Indian Territory in violation of Act March 1, 1895, c. 145, 28 Stat. 693, and each of them was sentenced to imprisonment in the United States penitentiary at Leavenworth for the period of 18 months and to pay a fine of $150.

[1] They complain of their trial on the grounds that the court charged the jury that "You, as men of affairs, of course understand that, without reference to this particular case, it is the common knowledge of all of us that people frequently, who have in mind to violate the law, do so in such a way as if possible to avoid detection, to avoid having eyewitnesses;" that "Now you are the triers of the facts in this case and not the court. Any suggestions I might have with regard to this testimony, or what I deem it to prove, or what weight I might deem it to have, is not binding on you. * * * I think from the evidence in this case, I think you will have little difficulty in arriving at the conclusion that the liquor came from without the state, and was being introduced into Carter county, in this state, by some one;" that "An alibi is a proper defense in a criminal case; it is a defense which as men of affairs you know is more easy of—more easy to build up than some other defenses and somewhat more difficult to controvert than some other defenses;" and that the court submitted the question of the guilt or innocence of the accused to the jury when there was no substantial evidence of the guilt of either of them. It is too clear for discussion that there was no error in the excerpts from the charge which are challenged, and they are dismissed without further notice.

[2] It is the general rule of the Supreme Court and of this court that the appellate courts will not consider the question whether or not there was substantial evidence to sustain a verdict, in the absence of a motion or request for an instructed verdict by the defeated party at the close of the trial and an exception to its denial. There was no such motion, request, or exception in this case, and counsel for the government object to the consideration of the evidence and invoke this rule. There is, however, an exception to the rule to the effect that in a criminal case, where the life or liberty of the citizen is at stake, the appellate court may, in the interest of justice, examine the evidence to see whether there was any substantial evidence whatever against the accused, and if none is found may reverse the judgment, although no motion or request was made on that ground, and no exception was taken or assignment of error made. Wiborg v. United States, 163 U. S. 632, 658, 16 Sup. Ct. 1127, 41 L. Ed. 289; Sykes v. United States, 204 Fed. 909, 913, 914, 123 C. C. A. 205, 209, 210; Clyatt v. United States, 197 U. S. 207, 221, 25 Sup. Ct. 429, 49 L. Ed. 726; Crawford v. United States, 212 U. S. 183, 194, 24 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392; Weems v. United States, 217 U. S. 349, 362, 30 Sup. Ct. 544, 54 L. Ed. 793, 19 Ann. Cas. 705; Williams v. United States, 158 Fed. 30, 36, 88 C. C. A. 296, 302; Humes v. United States, 182 Fed. 485, 486, 105 C. C. A. 158, 159; Pettine v. New Mexico, 201 Fed. 489, 497, 119 C. C. A. 581, 589.

[3] The evidence in the record of the trial of this case has been carefully read, to ascertain whether or not there was any substantial evidence against the defendants below under this exception to the rule. It is this: The defendant Fielder borrowed a horse and buggy of the nephew of the defendant Ford, and drove about seven miles south from Muskogee alongside the Santa Fé Railroad, which extends from Ft. Worth, Tex., to Muskogee, Okl., in the forenoon of May 17, 1914, at such a time that he arrived at the point where the wagon road turns west from the railroad a few minutes before the regular passenger train from Ft. Worth to Muskogee passed that point. He then turned and drove west about 300 yards, stopped, alighted from his buggy, waited until the train approached, then drove back to the railroad, waited until the train passed, then drove into a field to the fence along the right of way of the railroad, climbed over that fence, picked up and was loading two telescopes, each of which contained a keg of intoxicating liquors, which had been kicked off the train as it passed without stopping, when he was arrested. Two more telescopes, each containing a keg of liquor, were then found by the side of the railroad track. O. F. Hill & Co., of Ft. Worth, Tex., were wholesale liquor dealers, and one of the kegs was marked with their name. Fielder was a man who worked at such jobs as he could find, and a witness for the government testified that all the business he knew of his doing was whisky business.

Ford owned and operated a wagon yard and handled whisky in connection with it. The officer who arrested Fielder saw on the steps of one of the passenger coaches of the train a man about the size of Ford, dressed in a light suit, and Ford wore a light suit in the afternoon of that day, when he assisted in getting a bond for Fielder; but Ford and two other witnesses testified that he was at his residence in Muskogee at such hours that he could not have been on that train unless their testimony was false. The facts that the telescopes of liquor from wholesale liquor dealers in Texas were thrown off the passenger train which Fielder drove several miles to meet, that he waited for that train and picked them up and proceeded to load them, constitute substantial evidence that he knew they were coming, that their destination was not the right of way where they landed, but some other place in the part of Oklahoma in which he picked them up, and that he was engaged in continuing their transportation to that place, probably Muskogee, and here was substantial evidence from which a jury might lawfully find that he was engaged in introducing the liquor from without the state into that part of Oklahoma to which he was transporting it. But there was no such testimony against Ford. There was no evidence that he knew before Fielder was arrested that his nephew loaned his horse and buggy to Fielder, or for what purpose Fielder had borrowed it, no evidence that he had ordered the introduction of the liquor, no evidence that he knew it was coming, or that he had any interest in or connection with it, for the testimony of one witness that he saw a man of his size dressed in a light suit on the train and the fact that he procured or made the bond for Fielder are too remote and inconsequential to constitute any substantial evidence that

Ford introduced or aided in introducing the liquor from Texas into any part of Oklahoma.

The judgment against Fielder must accordingly be affirmed, and the judgment against Ford must be reversed, and his case must be remanded to the court below, with instructions to grant a new trial.

And it is so ordered.