## PEOPLE *v.* SWANSON.

1. BASTARDS—REVIEW—CERTIORARI.
    Since bastardy proceedings are purely statutory, and not after the course of the common law, the only available remedy for reviewing a conviction thereunder in this State is by certiorari.

2. CERTIORARI—DENIAL OF NEW TRIAL—EXCEPTIONS — QUESTIONS REVIEWABLE.
    Even if 3 Comp. Laws 1915, § 12635, authorizing review, on exceptions, of denial of new trial, applies only to appeal and error, review by certiorari is limited to questions of law, so that the evidence will be reviewed only to ascertain whether there was a total absence of testimony on a material fact, and not to see whether the findings or verdict are against the great weight of evidence, involving the credibility of witnesses and the weight of their testimony.

3. BASTARDS—NEW TRIAL— NEWLY-DISCOVERED EVIDENCE — CUMULATIVE EVIDENCE.
    Even if the denial of defendant's motion for a new trial in bastardy proceedings under 2 Comp. Laws 1915, § 7753 *et seq.*, on the ground of newly-discovered evidence, is reviewable in the absence of exceptions, the denial was justified, since such newly-discovered evidence was either purely cumulative or was available previously and might have been produced at the trial by the exercise of due diligence.

4. SAME—TRIAL—INSTRUCTIONS—DATE OF OFFENSE.
    It was not prejudicial error for the trial court, in submitting the issue of intercourse at the designated place, to use the words "on or about" a certain day, as charged in the complaint, where complainant, though at first following the complaint in fixing the time, later testified without qualification that it was on such date, giving her reasons for so remembering it, and there was no evidence of any other intercourse that fall which it was possible

for the jury to consider and confuse with the one specific act charged.

5. SAME—ARGUMENT OF COUNSEL.

Where defendant had admitted previous intercourse with complainant, at a time when he was keeping company with the girl he afterwards married, a statement by the prosecuting attorney, in his argument to the jury, that "he was keeping company with an apparently nice girl, so far as we know, a girl who would not have stood for anything of this sort, and he was using this little 16-year-old girl for the gratification of his animal desires," *held*, not beyond the range of legitimate argument on admitted facts.

6. SAME—WITNESSES—CROSS-EXAMINATION.

Cross-examination of defendant as to his relations with complainant, *held*, competent, in view of his direct testimony and the circumstances shown.

Certiorari to Ottawa; Cross (Orien S.), J.  Submitted October 13, 1921.  (Docket No. 176.)  Decided December 21, 1921.

Ray Swanson was convicted of bastardy.  Affirmed.

*Macdonald & Macdonald*, for appellant.

*Fred T. Miles*, Prosecuting Attorney, for the people.

STEERE, C. J.  Defendant was tried and convicted by verdict of a jury in the circuit court of Ottawa county of being the father of an illegitimate child borne, on July 18, 1920, by a girl 16 years of age named Maude Hayward.  The proceedings were instituted under the so-called bastardy act relative to maintenance of illegitimate children (2 Comp. Laws 1915, § 7753 *et seq.*).  The intercourse by which the child was begotten is charged in the complaint against him to have taken place "on or about the 22d day of October, A. D. 1919, at the township of Crockery in front of her father's home," in said county.  After

his conviction motion was made in defendant's behalf for a new trial, and denied. Amongst the claimed errors stated in support of said motion were newly-discovered evidence, verdict is contrary to the great weight of evidence and the result of prejudice. No exceptions were taken by defendant in the court below to denial of his motion for a new trial, and it is urged for the prosecution that under section 12635, 3 Comp. Laws 1915, as construed by this court, the right to review that motion was not preserved. Conceding such to be the rule where a writ of error is available and resorted to, counsel for defendant contend that in certiorari, where the errors relied upon must be stated in the affidavit for the writ, no other assignment of error based on exceptions is required.

In *Cross* v. *People,* 8 Mich. 113, it is held that proceedings under the bastardy act are purely statutory, not after the course of common law, and various particulars are pointed out indicating the legislative intent that the ordinary remedies to review proceedings and correct errors are not available to either party, and the legislation—

"amounts to a prohibition of exceptions, and of the writ of error, and clearly shows that the proceeding was regarded as extraordinary and anomalous, and that jurisdiction was limited to the circuit court."

Under this case, cited and the rule re-stated in *People* v. *Brannen,* 173 Mich. 411, it is well settled that the only available remedy for reviewing bastardy proceedings in this State is by certiorari.

Said section 12635 authorizes assignment of error on and review of the decision of the circuit judge in denying a motion for a new trial, when exceptions to the same are taken and error assigned on the decision, in "all cases hereafter taken to the Supreme Court on writ of error or appeal." Prior to the passage of this act the power to review motions for a new trial in

cases involving issues of fact was of very limited scope, confined chiefly to determination of whether there was any competent testimony to support the judgment. Accepting defendant's contention that the act does not cover certiorari, the scope of review by that writ stands unchanged and limited to questions of law only. The inquiry by review on certiorari is directed to ascertaining whether errors of law shown by the return are of such nature as to invalidate the proceedings. Questions of fact will not be considered. The credibility of witnesses or weight of their testimony will not be passed upon. The court will only review the evidence to ascertain and determine whether a total absence of testimony upon a material fact leaves the findings or verdict destitute of evidential support. In this case there is abundant evidence to support the verdict. Whether it was against the great weight of evidence would turn on the credibility of witnesses and weight of their testimony, which is not for review in this proceeding.

It is strenuously urged on the indicated ground of abuse of discretion that serious error was committed in not recognizing defendant's showing of newly-discovered evidence as cause for a re-trial. Even if reviewable in the absence of exceptions, we are satisfied there was no abuse of discretion. Claimed newly-discovered evidence as to whereabouts of defendant on the night of the intercourse in question was purely cumulative, while that by physicians as to a child underweight at birth being a short time, or premature, baby was found by the court, in denying the motion for a new trial, previously available and might have been produced on the trial by exercise of due diligence. Defendant was not ignorant of the fact to which that proposed expert testimony relates. He was called to the Hayward house the next day after the child was born and charged with its parentage.

One of his denials was based on the claim that it was too small to be his. He was represented by able counsel and advised when proceedings were begun against him, if not before, of the time when it was charged the child was conceived. This court has held in numerous decisions that lack of diligence to procure proposed newly-discovered testimony in time for the trial or that it is cumulative justifies the trial court in refusing a motion for a new trial.

In charging the jury the court on several occasions referred to the charged act of intercourse as "on or about" the evening of October 22, 1919. This is complained of as prejudicial error, which minimized defendant's alibi evidence that he was elsewhere with friends at a party on the evening of October 22d, allowing the jury to speculate and decide the child was begotten at some other time. In support of this contention counsel quote from 16 C. J. p. 863, the general rule in criminal cases that an election is regarded as made where the prosecution within the scope of the complaint introduces evidence tending directly to proof of one particular act for the purpose of procuring conviction on it, to which the issue should thereafter be confined and the jury not allowed to convict the accused of some other act of intercourse at a different time.

As before noted, the complaint charges the act of intercourse as having taken place "on or about" the 22d day of October and specifies where. The portions of the charge claimed erroneous followed the complaint in referring to the date, on all but one occasion further specifying "at her home near the front porch." In stating the issue the court said:

"The sole question for your determination is one of fact, as to whether or not the respondent begot Maude Hayward with child on or about the 22d day of October, 1919. She claims that she had sexual inter-

course with him near the front porch of her home on the evening of October 22, 1919."

Both parties had testified to previous intercourse, she to acts in the spring and in July of that year, and he on direct-examination to once in the month of April of that year. She denied any other act of sexual intercourse after July than on the one occasion charged, and he denied any act of intercourse during that summer or fall. In stating the claim of the prosecution as to the designated act the court said:

"They claim one of the occasions on which he had sexual intercourse with her was on the evening of the 22d day of October, 1919, at her home near the front porch of the house; that she became pregnant at that time with child, and as a result of such intercourse a child was born to Maude Hayward on the 18th of July, 1920," etc.

No requests were tendered upon that subject by defendant. There was no evidence in the case of any other intercourse between the parties that fall which it was possible for the jury to consider and confuse with the one specific act charged "on or about" October 22d, to which the complainant testified with attending circumstances as the cause of her trouble, stating she was then working in Grand Haven, took an interurban car that evening to go home, defendant came aboard at a station through which the car passed, they left the car together and he walked home with her, a distance of about half a mile, her parents had retired, they stayed together outside on the front porch about half an hour and the act occurred while they were out there. She first followed the complaint in stating the time was on or about October 22d, but subsequently testified without qualification to that date, giving her reasons for so remembering it. With the time and circumstances of the act thus shown we see nothing in the charge suggesting that the jury

might convict defendant of having begotten the child by some other possible act at some other time or place, of which there was no evidence.     Defendant's counsel cite *People* v. *Schilling,* 110 Mich. 412, *Menn* v. *State,* 132 Wis. 61 (112 N. W. 38), and especially *State* v. *Ryan,* 78 Minn. 218 (80 N. W. 962), in support of their contention on this question.     Those cases are distinguishable from this in controlling particulars.     In the *Schilling Case* the court refused defendant's request to charge the jury that he could only be convicted of being father of the illegitimate child by intercourse with its mother at the time charged in the complaint, and broadly instructed the jury "if, as the result and effect of all the testimony upon your minds, you believe that the respondent is the father of the child, your verdict should be for the people." This was said to be error because it allowed "conviction of respondent for some other act of intercourse than the one charged in the complaint."

In the *Menn Case* the complainant testified positively to the date of the act and the court confused the issue by the following instruction:

"If you are not satisfied beyond a reasonable doubt under all the evidence that the sexual act took place between these parties on the 16th of October, 1904, at the place alleged, the defendant is entitled to an acquittal, *unless you find from the evidence in this case that the defendant did have sexual intercourse with the complainant at some other time and plac: within the period of gestation.*"

Of this the appellate court said:

"The jury were told at first that they could not guess or conjecture, and later that they need not acquit if they did guess or conjecture, that intercourse had taken place otherwise than as shown by the only evidence on the subject.     Such contradiction and inconsistency has of itself often been held to necessitate reversal (citing cases).     Apart from such mere con-

flict and contradiction, however, it seems clear that the instruction excepted to is fatally erroneous in conveying to the jury the idea that, though they disbelieved prosecutrix as to the only interview or occasion when she testified sexual intercourse occurred, they might nevertheless legitimately conclude that there had been some other occasion."

In the *Ryan Case* the court fell into like error. A particular date was charged and positively testified to by the complainant. Several requests were preferred by the defense confining the inquiry in varying language to the date charged and testified to by complainant. In giving those requests the court varied the language to "on or about" the date stated in each instance and then further instructed the jury that "the particular time and place of the intercourse were *immaterial so long as it occurred within the time mentioned by the physician as the usual period of gestation."*

Complaint is also made of prejudicial rulings in permitting questions and answers on cross-examination as to defendant's relations with complainant, and of the following reflections of the prosecuting attorney in his argument to the jury:

"He was keeping company with an apparently nice girl, so far as we know, a girl who would not have stood for anything of this sort, and he was using this little 16-year-old girl for the gratification of his animal desires."

On his direct-examination defendant testified amongst other things that he was a married man 27 years of age, having been married November 24, 1920, to a girl he had kept company with for 7 years; that on the evening of October 22, 1919, he attended a farewell party at a neighbor's and from there took the girl he subsequently married to the 12 o'clock interurban car on which she went home; that he had not seen Maude Hayward for about three weeks and

did not have intercourse with her on that evening, saying, "There is no truth in the statement she made here as to that date. The only time I had intercourse with her was the first time on the floor of Hale's barn on April 4th."

The prosecuting attorney's reflections to which objection was made were not beyond the range of legitimate argument on admitted facts.

On cross-examination he said, "I didn't have intercourse with her on October 22d, but tried to have some time in September, but didn't succeed." Asked how he knew it was in September he replied because it was in "pickle season." Asked how long that season lasted he said: "All of September and part of October, sometimes." He further said upon this subject, in part:

"I never tried to have intercourse with her after that time, except one Sunday when her father and mother went to Ravenna. * * * I did not think I was the father.

"Q. Did you arrange or try to arrange with her a settlement on the basis of being the father of that baby?

"A. I did, but that was because Mr. L——told me she wasn't of age, and I done like most everybody would, rather settle than everybody hear about it.

"Q. And you authorized Mr. L——to try to make a settlement for you?

"A. Yes sir. * * *

"Q. You told him all about it, did you?

"A. Yes sir.

"Q. Told him you had intercourse with the girl three times?

"A. I didn't tell him I had intercourse three times; I said I had been out with her three times. * * *

"Q. But when you talk about being out with her you meant being out and had intercourse with her, that is what you meant by three times?

"A. Yes. * * * The only reason for the agreement that L—— had was because he said she was not of age.

"*Q.* Oh, you thought she was still younger than 16 at the time, you thought she was 15?

"*A.* Yes.

"*Q.* You thought you was going to be arrested for rape, didn't you?

"*A.* Yes.

"*Q.* Yes, that is why it was.

"*A.* That is the only reason I came to make that agreement."

This testimony was not only without objection at the time but we think it was in any event competent cross-examination in view of his direct testimony and the circumstances shown. We cannot conclude as a matter of law that the issue of alibi which defendant's counsel stress was decided by the jury against the overwhelming weight of evidence.

No reversible error is found and the case will stand affirmed.

WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred. MOORE and FELLOWS, JJ., did not sit.