ROEN, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 15, 1923—January 15, 1924.*

*Criminal law: Trial: Proof of alibi: Burden of proof: Evidence as to good reputation of accused: Instructions: Invading province of jury.*

1. Where an accused is charged with having unlawfully sold intoxicating liquor at a particular place, the state must show the presence of accused where the alleged offense was committed; and testimony that he was elsewhere is rebuttal.   p. 519.
2. On the whole case, including the question of *alibi,* the burden is on the state to prove the guilt of the accused beyond a reasonable doubt, the accused not being required to establish his *alibi* beyond a reasonable doubt.   p. 519.
3. An instruction relative to *alibi,* though it properly stated that accused was not required to establish that defense beyond a reasonable doubt, may have conveyed the implication that he was required to establish it.   Another instruction went as far as the authorities would justify in singling out proof of an *alibi* for scrutiny, and another referred to testimony of witnesses for the accused concerning the *alibi* in a manner which tended to discredit them, whereas if comment was to be made in the charge on the evidence of witnesses, there was testimony of a state witness which was at least equally open to criticism.   *Held,* that the combined instructions probably led the jury to believe that the court viewed the testimony relating to the *alibi* with grave suspicion, and, taken together, the instructions invaded the province of the jury.   p. 520.
4. An instruction as to the presumption of innocence which correctly told the jury that it attends the accused throughout the trial, but which the court qualified by adding, "Until such time, if at all, as it is overcome by credible evidence," is erroneous, because the jury may have inferred from this that, at some stage of the trial before its conclusion, sufficient evidence had been adduced to overcome the presumption, thus shifting the burden upon accused.   p. 520.
5. Notwithstanding the testimony as to the character of accused was not very satisfactory, and was contrary to usual custom in that only two witnesses testified thereto, it was testimony which the jury had the right to consider without disparagement by the court.   An instruction, therefore, which told the jury that evidence has been received tending to show "perhaps" that accused bears a good reputation was reversible error, the interjection of the word "perhaps" tending to lead them to believe that the court considered the testimony of little or no value.   p. 520.

ERROR to review a judgment of the county court of Chippewa county: T. J. CONNOR, Judge. *Reversed.*

For the plaintiff in error there was a brief by *Robert L. Wiley,* attorney, and *Alexander Wiley,* of counsel, both of Chippewa Falls, and oral argument by *Alexander Wiley.*

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Harold E. Stafford,* district attorney of Chippewa county, and oral argument by *Mr. Stafford* and *Mr. Messerschmidt.*

JONES, J. Plaintiff in error, hereafter called defendant, was brought to trial on an information charging the unlawful sale of intoxicating liquor. He was convicted and sentenced to four months in the county jail.

Two witnesses swore as to the purchase of liquor from defendant. The testimony as to the time of the purchase was somewhat uncertain. Defendant introduced evidence to prove that he was not on the premises at the time the sale was claimed to have occurred.

Counsel for defendant excepted to the following portions of the charge to the jury:

"Defendant has testified and has called witnesses who have testified that at the time and place when and where the state claims the offense was committed he was at other and different places and therefore it is claimed that he was not and could not have been the person who sold the liquor to the witnesses. This defense is technically known as an *alibi,* and the evidence offered in support of it, like all other evidence in the case, should be closely scrutinized by the jury. You have the right to take into consideration in weighing the testimony offered in support of the *alibi* the fact that honest witnesses often mistake dates and periods of time, as well as other details about which they testify, while dishonest witnesses, if so inclined, may fabricate an *alibi* with greater hope of success or less fear of punishment than in the giving of most any other kind of evidence.

"The defendant is not required to establish his defense of

an *alibi* beyond a reasonable doubt, but it is your duty to consider carefully all of the credible evidence in the case, including that of the claimed *alibi*, and from it, under the rules which I have given you, determine the question of the guilt or innocence of the defendant. If such consideration of the whole evidence satisfies you beyond reasonable doubt, as I have defined it, that defendant sold liquor to the witnesses who have appeared before you, substantially as they have testified to, then you will find the defendant guilty as charged in the information, otherwise you will acquit him."

"The jury will remember that the state's witnesses did not claim to be able to fix with exactness the particular time of day when it is claimed by them that they purchased the liquor, and you have a right to consider whether the defendant might not have been at the various saloons, testified by him during the evening of the 23d of November, as testified by the proprietors, at the particular times testified to by defendant and those witnesses, and still may have been at his saloon at the time the offense was actually committed, if, in fact, you find from the evidence that any offense was committed.

"You are instructed that the presumption of law is that a man accused of crime is innocent until he is proven guilty and the defendant entered upon the trial of this case with this presumption of innocence in his favor and it attends him throughout the trial, until such time, if at all, as it is overcome by credible evidence establishing his guilt beyond a reasonable doubt."

"Evidence has been received tending to show perhaps that defendant bears a good reputation in this community as a law-abiding citizen; such evidence should be considered by you in connection with all the other evidence in the case, and if, after such consideration, you entertain any reasonable doubt as to the guilt of the defendant, you should acquit him; but if from all the evidence in the case, including that of good reputation, you are satisfied of his guilt beyond a reasonable doubt, then it is immaterial what his reputation has heretofore been as to abiding by the law."

The refusal of the court to grant a new trial because the verdict was contrary to the evidence was also assigned as error.

In this state there have been two decisions which have a bearing on the first instruction excepted to by defendant's counsel. In *Lanphere v. State,* 114 Wis. 193, 89 N. W. 128, the jury were told in respect to the evidence produced by the accused to sustain his defense of *alibi* that it did not necessarily establish beyond question the impossibility of his having committed the crime charged. In the opinion by Mr. Justice MARSHALL it was said (pp. 204, 205):

"We are unable to conclude with reasonable certainty what idea the jury may have got from that instruction. It was capable of being so understood as to be prejudicial. It was not necessary to an acquittal on the strength of the *alibi* that it should be more than sufficiently established to raise a reasonable doubt as to whether the plaintiff in error committed the offense charged. Again, whether the *alibi* was so firmly established as to preclude any reasonable belief that the plaintiff in error was with the prosecutrix at the time she claimed he assaulted her, was one of the disputed questions in the case upon the evidence, and the court should not have said anything liable to be taken in a way to usurp the functions of the jury in regard thereto. We are not unmindful that the language of the court under consideration is capable of a construction which would make it harmonize with correct principles. It is sufficient that the jury may probably have understood it otherwise."

In *Roszczyniala v. State,* 125 Wis. 414, 104 N. W. 113, the following instruction was given (p. 421):

"The defense claimed in this case is that of an *alibi;* that is, that the defendant was elsewhere when the offense was committed. The testimony offered to prove this defense should be subjected, like all the evidence in the case, to rigid scrutiny, for the reason that witnesses, even when truthful, may be honestly mistaken in, or forgetful of, times and places."

This instruction was sustained, but without discussion.

The instruction given in the case at bar pointed out in greater detail the weakness of testimony offered to support an *alibi* than was attempted in the case last referred to and

perhaps had a greater tendency to disparage that kind of evidence. If this instruction were the only one relating to the subject of *alibi* we should be disposed to sustain it, following the last case above cited, with abundant support from authority in other states.

There is a valuable collection of cases in a note in 14 A. L. R. 1426, regarding instructions disparaging the defense of *alibi*, from which it appears that instructions of this general character have been approved and disapproved in about an equal number of states. In numerous instances it would be difficult to reconcile with each other the rulings of a particular state.

In the case before us the charge on this subject is unusual, since in several instances the instructions single out the *alibi* claimed and call it to the attention of the jury. It is of course true, as stated in another instruction, the defendant was not required to establish his defense of *alibi* beyond a reasonable doubt. This instruction may not have been prejudicial error. But perhaps it is open to the criticism that it conveyed the implication that defendant was required to establish the defense.

Proof tending to show absence from the scene of the offense is generally called a defense, and there is much discussion in the cases whether defendant is required to prove the defense by a preponderance of the evidence. It seems quite as logical to regard evidence of this character like other evidence adduced by the accused to meet the charge brought against him.

In a case like the present it is obviously incumbent on the state to show the presence of defendant where the alleged offense was committed, and the testimony that he was elsewhere is rebuttal. Whatever differences of opinion as to where rests the burden of proof on this particular issue, there is uniformity in the rule that on the whole case, including the question of *alibi,* the burden is on the state to prove the guilt of the accused beyond a reasonable doubt.

In the first instruction as to the *alibi* the court certainly went as far as the authorities would justify in singling out proof of an *alibi* for scrutiny.   In another instruction the court referred to the testimony of defendant's witnesses concerning the *alibi* in a manner which tended to discredit them.   If comment was to be made in the charge on the evidence of witnesses, there was testimony on the part of one of the state's witnesses which was at least equally open to criticism.

In our opinion the combined effect of these instructions probably led the jury to believe that the court viewed the testimony relating to the *alibi* with grave suspicion, and, taken together, the instructions on this subject were an invasion of the province of the jury.

In the instruction as to the presumption of innocence the court correctly told the jury that it attends the accused throughout the trial.   *Spick v. State,* 140 Wis. 104, 121 N. W. 664; *Emery v. State,* 101 Wis. 627, 660, 78 N. W. 145. But the court then qualified the rule which this court has adopted by adding "until such time, if at all, as it is overcome by credible evidence."   The jury may have inferred from this that at some stage of the trial before its conclusion sufficient evidence had been adduced to overcome the presumption, thus shifting the burden upon the defendant, and we consider the instruction as given erroneous.

Defendant's counsel requested an instruction as to the character of defendant, which was proper and was refused. Instead of this the court gave an instruction in which it was said: "Evidence has been received tending to show *perhaps* that defendant bears a good reputation. . . ."

The testimony on this subject was not very satisfactory, and, contrary to the usual custom, was given by only two witnesses.   Nevertheless, it was testimony which the jury had the right to consider for what it was worth without disparagement by the court.   The interjection of the word "perhaps" tended to lead the jury to believe that the court

considered the evidence of little or no value. That was a subject for the consideration of the jury under a proper instruction, and we are unwilling that the instruction should stand as a precedent.

The case was by no means one sided. The district attorney, after investigation, concluded that no information should be filed, but was directed by the court to file one. Several witnesses testified that defendant was not present at the time the offense was alleged to have been committed.

One of the witnesses for the state made very contradictory statements as to where the liquor was bought. The testimony was such that the jury might well have found the defendant not guilty if proper instructions had been given, and we conclude that such errors were committed as entitle defendant to a new trial.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.