CICCHINI, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 16—March 11, 1924.*

*Criminal law: Instructions to jury: Reasonable doubt: Sufficiency of evidence.*

1. In a prosecution for larceny, an instruction that, if there was any fact proved by a preponderance of the evidence which was inconsistent with defendant's guilt, it was sufficient to raise a reasonable doubt, was error, as requiring a fact to be found by a preponderance of the evidence before it could form the basis of a reasonable doubt. p. 338.
2. The basis of a reasonable doubt may lie in proof that fails to constitute the preponderance of the evidence and in proof that may not be established to the satisfaction of the jury, and it is sufficient if, in connection with all the evidence in the case, it raises in the minds of the jurors a reasonable doubt of guilt. p. 338.

ERROR to review a judgment of the municipal court of Milwaukee county: S. E. SMALLEY, Acting Judge. *Reversed.*

The plaintiff in error was convicted of the crime of the larceny of an automobile and sentenced to the house of correction for three years. To test the validity of his conviction he sued out a writ of error.

For the plaintiff in error there was a brief by *Thomas E. Leahy* and *Arthur H. Bartelt,* both of Milwaukee, and oral argument by *Mr. Bartelt.*

For the defendant in error there was a brief by the *Attorney General, George A. Shaughnessy,* district attorney of Milwaukee county, and *Roland J. Steinle,* assistant district attorney, and oral argument by *Mr. Steinle.*

VINJE, C. J.    The testimony tending to show guilt was wholly circumstantial and was as consistent with the crime of receiving stolen goods as with that of larceny. The automobile was stolen in Milwaukee and about ten days later

was found in the possession of defendant at Kenosha. Since there must be a new trial we purposely refrain from commenting upon the probative force of the evidence beyond saying that, had it more conclusively shown guilt as charged, the error in the instruction to be referred to would probably not have been held reversible. The court gave a correct charge on the subject of circumstantial evidence and then it added this instruction:

"If there is any fact proved to the satisfaction of the jury by a preponderance of the evidence which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt and you should acquit the defendant."

The vice of this instruction is that it requires a fact to be found to the satisfaction of the jury by a preponderance of the evidence before it can form the basis of a reasonable doubt. Such is not the law. The basis of a reasonable doubt may lie in proof that fails to constitute the preponderance of the evidence and in proof that may not be established to the satisfaction of the jury. It is sufficient if, in connection with all the evidence in the case, it raises in the minds of honest jurors a reasonable doubt of guilt. *Roen v. State,* 182 Wis. 515, 196 N. W. 825.

*By the Court.*—Judgment reversed, and cause remanded for a new trial. The warden of the house of correction of Milwaukee will deliver the plaintiff in error to the sheriff of Milwaukee county, who will retain him in custody until discharged by due process of law.