210    SUPREME COURT OF WISCONSIN.    [FEB.

State ex rel. Dewey v. Kibbe, 186 Wis. 210.

STATE EX REL. DEWEY, Plaintiff in error, vs. KIBBE, Defendant in error.

*January 16—February 10, 1925.*

*Bastards: Necessity of showing date of intercourse: Instructions: Defense of alibi: Weight: Evidence: Sufficiency.*

1. On the record here presented, an instruction in bastardy proceedings that it was not necessary to prove the exact date of pregnancy, but that the intercourse must be shown to have occurred on such a date as would satisfy the jury that the infant was the result thereof, is *held* correct. (See *Stresney v. State ex rel. Bean, post,* p. 214.)    p. 212.
2. The jury may believe the complaining witness and disbelieve witnesses for the accused, where the physical facts do not make such evidence incredible.    p. 212.
3. The defense of *alibi,* if sufficiently established to raise a reasonable doubt in the minds of the jury, is a good defense but is not conclusive, being merely evidence to be weighed by the jury.    p. 213.

ESCHWEILER, J., dissents.

ERROR to review an order of the civil court of Milwaukee county: A. J. HEDDING, Judge. *Reversed, with directions.*

Bastardy.   This cause is here on writ of error to review an order granting a new trial in an action for bastardy, the defendant having been convicted by the verdict of a jury.

For the plaintiff in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, *George B. Skogmo,* special assistant district attorney, and *Andrew J. Clarke* and *Newman Clarke,* both of Milwaukee, of counsel, and oral argument by *Newman Clarke* and *C. Stanley Perry* of Milwaukee.

For the defendant in error there was a brief by *Fawcett & Dutcher,* attorneys, and *Edward G. Minor,* of counsel, all of Milwaukee, and oral argument by *Frank L. Fawcett.*

CROWNHART, J.   Two questions are raised in this court: Was the lower court in error in granting a new trial because

of misdirection of the jury? and Is the verdict sustained by the evidence? The error relied on by the trial court in granting the order is found in the following instruction to the jury:

"Members of the jury, it is not necessary that the state prove the exact date on which the woman became pregnant, but the fact of intercourse must be shown to have occurred on such a date as will satisfy you that the infant was the result of it."

In granting the order for a new trial the trial court said:

"After due deliberation, I am inclined to hold that the instruction excepted to is erroneous in conveying to the jury the idea that though they disbelieved the complaining witness as to the only occasion when she testified sexual intercourse occurred, they might nevertheless legitimately conclude that there had been some other occasion."

Defendant's chief reliance to sustain the order is placed on the decision of this court in *Menn v. State,* 132 Wis. 61, 112 N. W. 38. It should be noted that the decision in that case was prior to the enactment of sec. 3072*m,* Stats., which reads:

"No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

In *Heintz v. Schenck,* 176 Wis. 562, 569, 186 N. W. 610, it was held that no judgment should be set aside for misdirection of the jury unless the court could say, from an examination of the whole record, that it affirmatively appeared with reasonable clearness that harmful error was made affecting the substantial rights of the party in a mate-

rial degree. So viewing the record, we find the charge to the jury full and satisfactory in all other respects. The issue was whether the complainant and the defendant had sexual intercourse at a time and place resulting in the defendant becoming the father of her child born on January 1, 1923. The date claimed by complainant when the intercourse took place was April 2, 1922. The defense was general denial and an *alibi.* Under the evidence it is quite conceivable that the complainant may have been mistaken as to the exact date of intercourse, but not as to the act of intercourse. As applied to the evidence, we see no error in the charge. And we are firmly of the opinion that there was nothing in the charge that misled the jury to the prejudice of the defendant. In the case of *Stresney v. State ex rel. Bean, post,* p. 214, 202 N. W. 334 (decided herewith), the Chief Justice distinguishes the *Menn Case, supra,* from the *Stresney Case,* and his opinion thereon is applicable to the instant case. We conclude that there was no error in the charge justifying the order of the court in setting aside the verdict and granting a new trial.

The defendant contends that the verdict of the jury was perverse and not sustained by credible evidence. There is nothing incredible in complainant's testimony, unless it be said it was overwhelmingly impeached by evidence of defendant being elsewhere at the time the sexual act was claimed to have taken place. The defendant claimed that he was at a basketball game the afternoon of April 2d, a short distance from Milwaukee, and when he returned he went with his companions directly to a friend's home, where he played cards until midnight. He was supported in this claim by several companions. But this court has held that the jury may believe the complaining witness and disbelieve the defendant's witnesses where there is nothing in the physical facts to make such evidence incredible. *O'Keefe v. State,* 177 Wis. 64, 187 N. W. 656, and cases there cited. The defense of an *alibi,* if sufficiently established to raise a rea-

sonable doubt in the minds of the jury, is a good defense. However, owing to the ease with which persons may be mistaken in dates long after the occurrence of a particular event, the ease with which an *alibi* may be made, and the difficulty of proving to the contrary, courts have not generally considered evidence of an *alibi* a conclusive defense. It is merely evidence to be weighed by the jury. 16 Corp. Jur. 979; *Fielder v. U. S.* 142 C. C. A. 356, 227 Fed. 832; *Provo v. State,* 55 Ala. 222; *People v. Wong Ah Foo,* 69 Cal. 180, 10 Pac. 375; *People v. Tice,* 115 Mich. 219, 73 N. W. 108; *State v. Leete,* 187 Iowa, 305, 174 N. W. 253; *Nelms v. State,* 58 Miss. 362; *State v. Jaynes,* 78 N. C. 504; *Briceland v. Comm.* 74 Pa. St. 463. Also see *Roen v. State,* 182 Wis. 515, 196 N. W. 825.

From a careful study of the evidence we are satisfied that the court was fully warranted in submitting the case to the jury.

*By the Court.*—The order of the civil court is reversed, and the cause remanded for further proceedings according to law.

ESCHWEILER, J. (*dissenting*).   Under the facts in this case, the complainant testifying to but one occasion, identifying the date absolutely, and the defendant meeting the testimony thus squarely presented by testimony which would amply warrant a verdict in his favor, I feel that the charge permitted, if not invited, the jury to speculate rather than to determine. *Menn v. State,* 132 Wis. 61, 112 N. W. 38. There was no "on or about" the designated date, or any admission of intercourse at other times, as in *People v. Swanson,* 217 Mich. 103, 185 N. W. 844. It well might also indirectly, but none the less effectually, tend to disparage the defense of *alibi* so recently discussed in *Roen v. State,* 182 Wis. 515, 196 N. W. 825.

Therefore I think the trial court was justified in granting a new trial.