214    SUPREME COURT OF WISCONSIN.    [FEB.

Stresney v. State ex rel. Bean, 186 Wis. 214.

STRESNEY, Plaintiff in error, vs. STATE EX REL. BEAN,. Defendant in error.

*January 16—February 10, 1925.*

*Bastards: Credibility of witnesses: Evidence: Sufficiency: Instructions: As to date of intercourse.*

1. The credibility of the evidence in a bastardy proceeding is for the jury.  p. 215.
2. Testimony of the complaining witness that she left the employment in which she was engaged about two weeks after the acts of intercourse testified to, and the records of the employer, which showed she left at a considerably later date, do not create such a discrepancy as to leave the conviction of the defendant unsupported by the evidence, as the jury may have believed the witness mistaken as to the date of leaving but not as to the date of intercourse, or it may have questioned the correctness of the employer's records.  p. 216.
3. An instruction that, even if the complaining witness was mistaken as to the exact date of the intercourse, the jury could convict accused if they found that the acts testified to actually took place and resulted in the birth of a child, is correct. *Menn v. State,* 132 Wis. 61, distinguished.  p. 216.

ERROR to review a judgment of the civil court of Milwaukee county: M. F. BLENSKI, Judge. *Affirmed.*

Plaintiff in error, hereinafter called the defendant, was convicted of being the father of an illegitimate child, and to review the judgment against him he sued out a writ of error. The testimony of the complaining witness, *Melvina Bean,* was substantially to this effect: The first act of intercourse between her and the defendant took place on the 20th day of May, 1921.  A second act of intercourse between them took place on the 21st day of May, 1921, after she returned from a visit to the Riverview Rink.  These two acts of intercourse were the only ones testified to by her as having taken place with the defendant.  She further testified that no acts of intercourse between her and any other man had taken place in the month of May or June, 1921.  She said she had been employed in the Kalt Bakery for some months previous

to the acts of intercourse and had there become acquainted with the defendant. She further testified that a couple of weeks after the acts of intercourse she left the employ of the Kalt Bakery. On February 27, 1922, she was delivered of a full-term nine-months child. The defendant denied the acts of intercourse testified to by the complaining witness and introduced in evidence the records of the Kalt Bakery showing that the complaining witness started to work for it on the 18th day of May, 1921, and left its employment on the 31st day of July, 1921. The complaining witness testified that to the best of her recollection she left the employ of the Kalt Bakery a couple of weeks after the acts of intercourse took place. In this she was corroborated by another witness, a girl friend of hers. In submitting the case to the jury the court instructed them as follows: "Gentlemen, it is not necessary to prove the exact date on which the woman became pregnant, but the act of intercourse must be shown to have occurred on such a date as will satisfy you that the infant was the result of such intercourse."

For the plaintiff in error there was a brief by *Brennan, Lucas & O'Day* of Milwaukee, and oral argument by *Martin J. Brennan.*

For the defendant in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, *George B. Skogmo,* special assistant district attorney, and *C. Stanley Perry,* assistant district attorney, and oral argument by *Mr. Perry.*

VINJE, C. J. It is the contention of the defendant that since there is such a discrepancy between the testimony of the complaining witness as to the time she said she left the Kalt Bakery and the record of the bakery of the time she left, as well as of the time she began to work and claimed she became acquainted with the defendant, her testimony is not to be believed and that there was no competent, credible evidence upon which to base a conviction. The credibility

of the evidence was for the jury. They may well have be-
lieved that though she was mistaken as to the time of enter-
ing and leaving the employ of the Kalt Bakery she was not
mistaken as to when and with whom she had her first acts of
sexual intercourse. Or the jury may have questioned the
correctness of the record produced, which consisted of en-
tries made by the bookkeeper, though it is more than probable
that they gave it full credence and concluded that the com-
plaining witness was mistaken as to when she entered and
left the employ of the bakery, but was not mistaken as to
the time and place of intercourse. We cannot say that this
discrepancy in the testimony leaves the conviction unsup-
ported by the evidence.

It is further claimed that the instruction set out is sub-
ject to the criticism which this court, in *Menn v. State,* 132
Wis. 61, 112 N. W. 38, made upon one given in that case,
which read as follows:

"If you are not satisfied beyond a reasonable doubt under
all the evidence that the sexual act took place between these
parties on the 16th of October, 1904, at the place alleged,
the defendant is entitled to an acquittal, unless you find from
the evidence in this case that the defendant did have sexual
intercourse with the complainant at some other time and
place within the period of gestation."

In that case there was no other act of intercourse testified
to but the one of October 16, 1904, and yet the court told
the jury they could convict upon an act not testified to at all.
Of course that was prejudicial error. In the case at bar the
court simply told the jury that though the complaining wit-
ness might have been mistaken as to the exact date of the
intercourse, nevertheless if they found that the acts which
she testified to actually took place and resulted in the birth
of the child they could convict though there might be doubt
as to their exact date. Such is the law, and such an instruc-
tion is radically different from one saying you may convict

upon acts not testified to at all, as was the one given in the *Menn Case.*

*By the Court.*—Judgment affirmed.

ESCHWEILER, J., dissents.