FRACCARO, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 12—March 9, 1926.*

*Criminal law: Instructions as to alibi: Reasonable doubt: Remarks of district attorney: Prejudicial error.*

1. In a criminal case the state must prove defendant's guilt beyond a reasonable doubt, and any evidence raising such doubt requires acquittal.   p. 429.
2. An instruction which requires the defendant to satisfy the jury to a reasonable certainty by a preponderance of the evidence of his defense of *alibi* to justify acquittal, is erroneous. p. 430.
3. Remarks of the district attorney which amounted to unsworn testimony on his part that intoxicating liquor had been sold upon other occasions at the place where defendant was charged with making the sale of which he was convicted, are improper and are deemed prejudicial.   p. 430.

ERROR to review a judgment of the municipal court for the Eastern district of Waukesha county: DAVID W. AGNEW, Judge. *Reversed.*

The cause was submitted for the plaintiff in error on the brief of *Carl H. Juergens* of Milwaukee, and for the defendant in error on that of *Herman R. Salen,* district attorney of Waukesha county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

Fraccaro v. State, 189 Wis. 428.

OWEN, J.   Plaintiff in error, hereinafter called the defendant, was convicted of the unlawful sale of intoxicating liquor and brings writ of error to review the judgment. Numerous errors are assigned, only two of which merit attention.

The defendant introduced evidence tending to establish an *alibi*, and with reference to this evidence the court charged the jury as follows:

"The defendant in this action claims, and has made it a defense here, that he was not in the city of Waukesha on the evening of the 17th, at the time that the liquor was charged to have been sold.   He contends that he went to the city of Milwaukee on that day and later on went to Bay View to visit friends or relatives there.   It is for you to say, from all of the testimony in this case, as to whether or not he was in the city at the time alleged in the information and as is claimed by the proofs submitted here, and if you are satisfied to a reasonable certainty, by a preponderance of the evidence, that he was not in the city or was at Bay View, as he contends, you in that case should find that he is not guilty as charged in the information.   But it is for you to take into consideration all of the testimony that has been submitted here upon the trial of this case in arriving as to the truth of the matter.   It is for you to consider carefully all of the facts and testimony that has been submitted to you upon the trial of this case."

It is contended that this instruction placed an undue burden upon the defendant with reference to the defense of *alibi*, as he was required to satisfy the jury "to a reasonable certainty, by a preponderance of the evidence, that he was not in the city or was at Bay View, as he contends," in order to justify the jury in returning a verdict of acquittal.   The defendant in a criminal case is not required to establish any fact inconsistent with guilt, to a reasonable certainty by a preponderance of the evidence, in order to justify an acquittal.   The burden is upon the State to prove guilt beyond a reasonable doubt.   Any evidence in the case which raises a reasonable doubt concerning the guilt of the defendant not

only justifies but requires a verdict of acquittal. This principle was thus stated by Mr. Chief Justice VINJE in *Cicchini v. State*, 183 Wis. 337, at p. 338 (197 N. W. 714), in the following language:

"The vice of this instruction is that it requires a fact to be found to the satisfaction of the jury by a preponderance of the evidence before it can form the basis of a reasonable doubt. Such is not the law. The basis of a reasonable doubt may lie in proof that fails to constitute the preponderance of the evidence and in proof that may not be established to the satisfaction of the jury. It is sufficient if, in connection with all the evidence in the case, it raises in the minds of honest jurors a reasonable doubt of guilt."

So it has been held that the defense of *alibi* need not be established to a reasonable certainty by a preponderance of the evidence. In *State ex rel. Dewey v. Kibbe*, 186 Wis. 210, 202 N. W. 333, it was said: "The defense of an *alibi*, if sufficiently established to raise a reasonable doubt in the minds of the jury, is a good defense." *Roen v. State*, 182 Wis. 515, 196 N. W. 825. It must be held, therefore, that that portion of the charge under consideration was erroneous.

Error is also assigned because the district attorney said to the jury: "This is not the first time booze came out of 1123 Hartwell avenue in the city of Waukesha," the place where the intoxicating liquor was alleged to have been sold. This amounted to unsworn testimony on the part of the district attorney to the fact that intoxicating liquor had been sold upon other occasions at the place where defendant was charged with making the sale of which he was convicted. Sworn testimony of this nature would have been of doubtful admissibility, to say the least, and the remarks of the district attorney were highly improper. They are well-nigh as vicious as the remarks of the district attorney which were held to constitute prejudicial error in *O'Neil v. State, ante*, p. 259, 207 N. W. 280.

In view of the evidence in this case, which is conflicting at all points, these errors must be considered prejudicial, and the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.