BRADLEY et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.   November 26, 1918.)

No. 4923.

1. INDIANS ⬤⟹38(5)—INTOXICATING LIQUORS—EVIDENCE.
   In a prosecution for introducing intoxicating liquor into an Oklahoma county, evidence *held* sufficient to sustain the conviction.

2. CRIMINAL LAW ⬤⟹721(5)—ARGUMENT OF PROSECUTOR—COMMENT ON DEFENDANT'S FAILURE TO TESTIFY.
   Argument by the attorney for the United States that the evidence against defendants was conclusive, and that it had not been contradicted, is not objectionable as a comment on the failure of defendants to testify.

3. CRIMINAL LAW ⬤⟹304(5)—VENUE—JUDICIAL NOTICE.
   Where the evidence showed the location of the offense with reference to a city, a river, and lines of railroad, the court may take judicial notice of the location of the same, and that the offense occurred in the county where prosecution was had.

4. CRIMINAL LAW ⬤⟹829(1)—TRIAL—REFUSAL OF INSTRUCTIONS.
   The refusal of requested instructions covered by those given is not error.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

B. W. Bradley, Frank James, and others were convicted of introducing liquor into the county of Muskogee, state of Oklahoma, and defendants named bring error. Affirmed.

S. E. Gidney, of Muskogee, Okl. (John M. Gidney, of Muskogee, Okl., on the brief), for plaintiffs in error.

C. W. Miller, Asst. U. S. Atty., of Muskogee, Okl. (W. P. McGinnis, U. S. Atty., of Muskogee, Okl., Walter J. Turnbull, Asst. U. S. Atty., of Durant, Okl., and Alvin F. Molony, Special Asst. U. S Atty., of Muskogee, Okl., on the brief), for the United States.

Before HOOK and STONE, Circuit Judges, and WADE, District Judge.

WADE, District Judge.   Plaintiffs in error, with others, were convicted under an indictment charging introduction of liquor into the

county of Muskogee, state of Oklahoma. Upon this appeal the sufficiency of the evidence is challenged, and other errors are relied upon.

Twenty-two sacks of whisky were loaded into an ore car at Joplin, Mo., which car was part of a train on the Missouri, Oklahoma & Gulf Railroad, already made up and ready to leave the yards at Joplin, to run to Muskogee, Okl. The particular car in which the liquor was placed was billed to Kusa, Okl., 40 or 50 miles south of Muskogee, on the Missouri, Oklahoma & Gulf Railroad. Upon reaching a point a short distance north of the city of Muskogee, where the Missouri, Kansas & Texas Railway crosses the Missouri, Oklahoma & Gulf Railroad, the door of the car was opened, and the sacks of liquor were dropped out along the right of way by parties in the car, who jumped out, and were promptly arrested by officers lying in wait. These officers had been advised of the loading of the liquor upon the train by an officer at Joplin.

Defendant James was arrested while in the act of picking up one of the sacks of liquor. Defendant Bradley was shown to have procured one Jones, his employé, to take his (Bradley's) horse and get a wagon to meet this train, advising Jones that he had a telephone message from Joplin to have some one meet the train.

[1] 1. Defendants each contend that the evidence is insufficient to warrant a verdict of guilty. We have gone over the record carefully, and we are satisfied that the evidence is ample to sustain the guilt of each of the defendants.

As to James, there was no direct evidence that he had alighted from the car; but the evidence does show that, about 9 or 10 o'clock at night, Deputy Sheriff Hughes and five or more other parties went out upon the right of way, responding to the information from an officer at Joplin that this liquor was on the train, and "paired off" in different positions along the railway, and waited something like 2½ hours before the train arrived. They had a full view of the right of way. It was not at a point where pedestrians would travel, nor where there was occasion for travel along the right of way, or adjacent thereto. James was not seen by these watchers until he was caught in the very act of stooping over one of the sacks of liquor which had been dropped from the car. He was practically in possession of the contraband liquor. His acts and conduct corresponded with the acts and conduct of the other defendants who had alighted from the train. He was right beside the train. It must be quite apparent that he was not on the right of way before the train arrived, or he would have been observed by the men in waiting.

"He was starting to pick up a sack of whisky—bent over it and took both hands, and the sack of whisky was right along by the track. He just bent over and was in the act of picking up this sack."

His presence there, and his acts and conduct, clearly indicated an association with the others arrested at that time. There can be no question but what the evidence was ample to sustain conviction.

The defendant Bradley was the proprietor of a store, and John Paul Jones was in his employment. On the day the liquor was transported, Bradley told Jones of receiving a telephone message from

Joplin to have some one meet the train, "at this first cut outside of the yards"; told him to take the horse and wagon, and to go through a certain gate near the cut, and told him that probably he could get a couple of cases of whisky cheap by hauling it. Jones executed his request and was there at the proper place—waiting in the darkness ready to receive the shipment of liquor.

It is clearly shown that Bradley had full knowledge that the liquor was coming, and where the liquor was to be unloaded from the car, and that he had the responsibility of having it carted away from the right of way. There can be no question about the sufficiency of the evidence as to this defendant.

[2] 2. Complaint is made because the attorney for the United States, in his argument to the jury, stated that—

"The evidence against said defendants was conclusive and convincing of their guilt, and the said evidence had not been contradicted or denied, thereby calling to the attention of the jury the fact that said defendants had not taken the stand to testify in their behalf."

That there was no error in the remarks of counsel is settled by the holding of this court in Rose et al. v. United States, 227 Fed. 357, 142 C. C. A. 53.

[3] 3. It is contended that the government failed to prove the venue. It was clearly proven that the liquor was unloaded from the interstate train three quarters of a mile north of where the Missouri, Kansas & Texas Railway crosses the Missouri, Oklahoma & Gulf Railroad, north of Muskogee, between what is known as the Katie crossing and the Arkansas river—a short distance north of the city of Muskogee. The court taking judicial notice of the river, and the lines of railway, and the city of Muskogee, there can be no question about the venue having been established.

[4] 4. Error is assigned as to the refusal to give certain instructions asked by the defendants. A careful examination of the instructions given by the court satisfies us that the substance of the instructions asked were incorporated in the charge of the court.

5. There was no error in that portion of the instruction referred to in the fourteenth assignment of error. Fielder et al. v. United States, 227 Fed. 832, 142 C. C. A. 356.

Upon the whole record, the judgment against each defendant is affirmed.