## McCLINTIC v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 11, 1922.)

No. 5858.

1. Criminal law ☞394—Evidence held not incompetent as obtained without a
search warrant.

In prosecution for having possession of liquor in territory made Indian
country by Act March 2, 1917, § 17 (Comp. St. § 4137a), in violation of
Acts July 23, 1892, Jan. 30, 1897, § 1, and May 25, 1918, § 1 (Comp. St.
§§ 4136a, 4137, and 4137aa), testimony of special officers that they saw de-
fendant measure out liquor in an open pasture, that one of the officers
told defendant that he had information concerning whisky at defendant's
place, that defendant said, "Here it is," and that the officers found a
keg covered over with rock and brush containing about 10 gallons of
whisky and that defendant stated that the whisky was his, *held* not in-
competent as against contention that it was obtained without a search
warrant, in violation of Const. Amends. 4, 5.

2. Indians ☞35—National Prohibition Act held not to repeal statutes denounc-
ing possession of intoxicating liquor in Indian country.

Acts July 23, 1892, Jan. 30, 1897, § 1, and May 25, 1918, § 1 (Comp. St.
§§ 4136a, 4137, and 4137aa), making it a crime to have possession of in-
toxicating liquor in Indian country, *held* not repealed by the National
Prohibition Act.

3. Statutes ☞225½—General act not applicable to cases covered by prior special
act on same subject.

A general act is not to be construed as applying to cases covered by a
prior special act on the same subject.

In Error to the District Court of the United States for the Western
District of Oklahoma; John H. Cotteral, Judge.

A. J. McClintic was convicted of unlawfully having possession of in-
toxicating liquor in and on Indian country, and he brings error. Af-
firmed.

Pruiett, Sniggs, Patterson & Morris, of Oklahoma City, Okl., for
plaintiff in error.

W. A. Maurer, U. S. Atty., and J. W. Scothorn and Roy St. Lewis,
Asst. U. S. Attys., all of Oklahoma City, Okl.

Before LEWIS and KENYON, Circuit Judges, and JOHNSON,
District Judge.

LEWIS, Circuit Judge. [1] McClintic was convicted on a charge
in an indictment of unlawfully having in his possession in November,

1920, twelve gallons of corn whisky in and upon Indian country, to wit, in Osage County, Oklahoma. Concededly, the indictment was bottomed on the Act of July 23, 1892, as amended (27 Stat. 260, 29 Stat. 506, 40 Stat. 563; U. S. Comp. Stat. Secs. 4136a, 4137, and 4137aa), which declared the possession by a person of intoxicating liquors in the Indian country a criminal offense, and subjected the offender to punishment. The Act of March 2, 1917 (39 Stat. 983; U. S. Comp. Stat. Sec. 4137a), declares all of Osage County, Oklahoma, to be Indian country within the meaning of the amended Act. After sentence in accordance with the special act he brings the case here on two assigned errors, which counsel have argued: (1) That the National Prohibition Act of October 28, 1919 (41 Stat. 305), repealed the Act of July 23, 1892, as amended; and (2) that the trial court erred in admitting evidence given by the arresting officers, which was obtained without a search warrant, in violation of the Fourth and Fifth Amendments. A statement of the facts will show, we think, that the second proposition is wholly without merit. The first is a question of law.

These facts were proven and to no extent contradicted: McClintic, resided on a farm in Osage County. Special officers of the Government took up secreted positions one evening on the hillside overlooking McClintic's place. About ten o'clock next morning a wagon was driven to the premises by two men. It went through McClintic's hog lot and out into his woods pasture, about three hundred yards from the house, where it was stopped. McClintic followed it. The three watchers immediately went to the wagon. When they got there McClintic was standing by it with a measuring cup in one hand and a funnel in the other, which he had carried from the house. He had just poured out of a fireless cooker about two gallons of white corn whisky into a jug. The wagon had three empty barrels in it, fourteen sacks of meal, and a sack of sugar. One of the officers said to McClintic: "Mac, I have had lots of information about whisky at your place, and I come up to see what was going on." McClintic replied: "Here it is." The officers found a keg or small barrel covered over with rock and brush, about fifteen feet from the wagon, containing about ten gallons of white corn whisky. When McClintic had poured the whisky into the jug he set it upon the wagon. He said to the officers that there was no use taking the other boys (arresting them), for the whisky was all his.

[2] The Act of July 23, 1892, is a special act passed for a special purpose, covering certain localities, and all of the amendments to it were made prior to the passage of the general Act of October 28, 1919; and the question presented to us is, whether the later Act, passed for an entirely different purpose, repealed the earlier. It does not expressly do so. Its only expression in that regard is this: "All provisions of law that are inconsistent with this Act are repealed only to the extent of such inconsistency" (Sec. 35, Title 2), which gives no support to the first contention. Great Northern Ry. Co. v. U. S., 155 Fed. 945, 947, 84 C. C. A. 93. Then if there be repeal it must be by implication, which, it is well understood, is a rule not favored.

[3] Another cogent reason for rejecting the first contention, is this:

"The rule of statutory construction is well settled that a general act is not to. be construed as applying to cases covered by a prior special act upon the same subject. On this principle we held in Townsend v. Little, 109 U. S. 504, that special and general statutory provisions may subsist together, the former qualifying the latter." U. S. v. Nix, 189 U. S. 199, 205, 23 Sup. Ct. 495, 498 (47 L. Ed. 775).

For other cases announcing the same rule see South Carolina v. Stoll, 17 Wall. 425, 431, 21 L. Ed. 650; Commission Co. v. U. S., 136 Fed. 326, 333, 69 C. C. A. 464; Railway Co. v. U. S., 155 Fed. 961, 84 C. C. A. 93; supra; Oil Co. v. Gray, 257 Fed. 277, 283, 168 C. C. A. 361; U. S. v. Lapp, 244 Fed. 377, 157 C. C. A. 3.

We reach the conclusion that both propositions presented here are without merit.

Affirmed.