## KENNEDY ET AL. *v.* UNITED STATES.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 222.   Argued April 16, 1924.—Decided May 26, 1924.

That portion of the Act of July 23, 1892, as amended, which made possession of intoxicating liquor in the Indian Country an offense and fixed its punishment, was not repealed, superseded or modified by the National Prohibition Act.   P. 345.

QUESTION certified by the Circuit Court of Appeals under Jud. Code, § 239.

*Mr. James Patrick Gilmore,* with whom *Mr. Phil D. Brewer, Mr. F. F. Nelson, Mr. J. H. Everest, Mr. Ed. S. Vaught* and *Mr. Robert K. Everest* were on the briefs, for Kennedy et al.

*Mrs. Mabel Walker Willebrandt,* Assistant Attorney General, with whom *Mr. Solicitor General Beck* and *Mr. Byron M. Coon,* Special Assistant to the Attorney General, were on the brief, for the United States.

MR. JUSTICE BUTLER delivered the opinion of the Court.

The Act of July 23, 1892, c. 234, 27 Stat. 260, and its amendments,[1] the Act of January 30, 1897, c. 109, 29 Stat. 506, and the Act of May 25, 1918, c. 86, 40 Stat. 563, make the possession of intoxicating liquor in the Indian Country, as therein defined, a criminal offense.   The

---

[1] See *United States* v. *Wright,* 229 U. S. 226; *Joplin Mercantile Co.* v. *United States,* 236 U. S. 531.

plaintiffs in error were indicted and convicted of having whiskey in their possession in the Indian Country, in Osage County, Oklahoma, on July 24, 1920, in violation of the acts above mentioned. The case was taken on writ of error to the Circuit Court of Appeals of the Eighth Circuit and that court, under § 239 of the Judicial Code, certified a question of law to this Court. It is this:

" Was that portion of the Act of July 23, 1892, Section 4136a, Comp. Stat., as amended by the Act of January 30, 1897, Section 4137, Comp. Stat., and by the Act of May 25, 1918, Section 4137a, Comp. Stat., which made possession of intoxicating liquor in the Indian Country a criminal offense and fixed the punishment therefor repealed, superseded or modified by the enactment of the National Prohibition Act, 41 Statutes at Large, 305, 308, Title II, Sections 3, 25, 29, 33 and 35?"

The Act of 1918 provides that " possession by a person of intoxicating liquors in the Indian country where the introduction is or was prohibited by treaty or Federal statute shall be an offense and punished in accordance with " the above mentioned Acts of 1892 and 1897. Mere possession is made criminal. The purpose of the possession or the intended use is not material. The particular place and its character, Indian Country, are essential. The evils aimed at are those which result from liquor traffic in localities where Indians live or which they are liable to frequent. These statutes apply locally for the special purpose of keeping whiskey and other intoxicants out of the reach of Indians.

By the Eighteenth Amendment, the manufacture, sale or transportation of intoxicating liquors, in the United States and all territory subject to the jurisdiction thereof, for beverage purposes is prohibited. The National Prohibition Act was passed to enforce that Amendment. Liquor for non-beverage purposes may be purchased, sold and possessed as specified in that act, but not in violation

of the legislation relating to the Indian Country. See Title II, §§ 3, 4, 6, 13, 25, 33, 37.

The offense charged against plaintiffs in error is not the same as any defined in the National Prohibition Act. Those portions of the Acts of 1892, 1897 and 1918, passed for the protection of the Indian Country, mentioned in the certificate of the Circuit Court of Appeals, do not conflict with the National Prohibition Act. Both may stand. The repealing clause contained in § 35 is: "All provisions of law that are inconsistent with this Act are repealed only to the extent of such inconsistency . . . ." As no incompatibility exists, there is no repeal by implication. *Washington* v. *Miller*, 235 U. S. 422, 428; *United States* v. *Greathouse*, 166 U. S. 601, 605; *United States* v. *Healey*, 160 U. S. 136, 147; *Frost* v. *Wenie*, 157 U. S. 46, 58; *McClintic* v. *United States*, 283 Fed. 781.

The answer to the question certified is:

*No.*