## MORRISON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 9, 1925.)

No. 6079.

1. Indians ⬅️35—Statutes prohibiting possession of intoxicating liquors in Indian country held not repealed by National Prohibition Act.

Act July 23, 1892 (Comp. St. §§ 4136a, 4140), Act Jan. 30, 1897, § 1 (Comp. St. § 4137), and Act May 25, 1918, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4137aa), making possession of intoxicating liquor in Indian country a criminal offense, held not repealed by National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

2. Indians ⬅️38(5)—Evidence held sufficient to warrant conviction for possessing intoxicating liquor in Indian country.

Evidence held sufficient to warrant accused's conviction for possessing intoxicating liquor in Indian country, in violation of Act May 25, 1918, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4137aa).

3. Criminal law ⬅️656(7), 721(1)—Neither court nor counsel may comment on accused's failure to testify.

Under Act March 16, 1878 (Comp. St. § 1465), both court and counsel are restrained from commenting on accused's failure to testify.

**4. Criminal law ☞721(5) — Instruction held not erroneous, as commenting on accused's failure to testify.**

Instruction that, though jurors were sole judges of facts, they could not arbitrarily disregard or reject testimony, especially where it was not contradicted, *held* not erroneous, as commenting on accused's failure to testify, in violation of Act March 16, 1878 (Comp. St. § 1465), since testimony of accused is not only method of contradicting government's witnesses.

**5. Criminal law ☞721(3)—Test whether instruction violates statute prohibiting comment on accused's failure to testify stated.**

Test whether instruction comments on accused's failure to testify, in violation of Act March 16, 1878 (Comp. St. § 1465), is whether language used is manifestly intended to be, or is of such character that jury would naturally and necessarily take it to be comment on accused's failure to testify.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Kelsie Morrison was convicted of having intoxicating liquor in his possession in Indian country, and he brings error. Affirmed.

William Pfeiffer, of Oklahoma City, Okl., for plaintiff in error.

W. A. Maurer, U. S. Atty., and James A. Ingraham, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before SANBORN and KENYON, Circuit Judges, and BOOTH, District Judge.

BOOTH, District Judge. Kelsie Morrison, hereafter called defendant, brings this writ of error to reverse a judgment convicting him of unlawfully having in his possession intoxicating liquor in and upon Indian country, to wit, Osage county, Okl.

The indictment was based upon the Act of Congress of May 25, 1918, c. 86, § 1 (40 Stat. 563 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4137aa]), which provides as follows:

"That on and after September first, nineteen hundred and eighteen, possession by a person of intoxicating liquors in the Indian country where the introduction is or was prohibited by treaty or federal statute shall be an offense and punished in accordance with the provisions of the Acts of July Twenty-Third, Eighteen Hundred and Ninety-Two (Twenty-Seventh Statutes at Large, page two hundred and sixty), and January Thirtieth, Eighteen Hundred and Ninety-Seven (Twenty-Ninth Statutes at Large, page five hundred and six)."

The assignments of error which are relied on raise three main questions:

[1] 1. Were the Act of July 23, 1892, c. 234 (27 Stat. 260 [Comp. St. §§ 4136a, 4140]), the Act of January 30, 1897, c. 109 (29 Stat. 506 [Comp. St. § 4137]), and the Act of May 25, 1918, c. 86 (40 Stat. 563 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4137aa]), repealed by the National Prohibition Act (41 Stat. 305 [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.])?

This question has been answered in the negative by this court in the case of McClintic v. United States, 283 F. 781, and later by the Supreme Court in the case of Kennedy v. United States, 265 U. S. 344, 44 S. Ct. 501, 68 L. Ed. 1045.

[2] 2. Was the verdict supported by substantial evidence?

Parker, a witness called on behalf of the government, testified that he was city marshal of Fairfax, Okl., and deputy sheriff; that on the day in question, August 2, 1921, about 4 o'clock in the afternoon, he and J. W. Hutchinson were driving in an automobile along a road north and east of Fairfax; that he saw defendant and another man sitting in an automobile by the side of the road; that, as he and Hutchinson were driving past, the automobile in which defendant was sitting backed out and hit their car, and thereupon he stopped and got out to see who was in the other car; that he saw defendant reach down in his car and pick up a bottle and break it over the side of the car door; that the bottom part of the bottle fell upon the running board, but still contained a small quantity of liquor; that he poured this out into his hand and tasted it; that it was corn whisky; that, although he was not a drinking man, he knew corn whisky when he tasted it; that at the time of the occurrence defendant and his companion in the car were drunk.

Another witness, Hutchinson, also a deputy sheriff, corroborated the testimony of Parker, and further testified that the liquid in the broken part of the bottle was corn whisky; that he tasted it; that he knew corn whisky by the taste. These two witnesses were the only ones on behalf of the government, and there was no testimony offered on behalf of defendant.

It is contended on behalf of defendant that the foregoing testimony could at most raise merely a suspicion in the minds of the jury that defendant was guilty of the offense charged. We are unable to acquiesce in this contention. To our minds the evidence constituted a very substantial basis for the verdict.

[3, 4] 3. Did the court in its charge to the jury fail to respect the provisions of the Act of March 16, 1878, c. 37 (20 Stat. 30 [Comp. St. § 1465])? This act provides that a person on trial in a federal court charged with a criminal offense "shall, at his own request, but not otherwise, be a competent witness. And his failure to make such request shall not create any presumption against him."

This statute restrains both court and counsel from comment upon the failure of accused to testify. Wilson v. United States, 149 U. S. 60, 13 S. Ct. 765, 37 L. Ed. 650; Reagan v. United States, 157 U. S. 301, 15 S. Ct. 610, 39 L. Ed. 709; Stout v. United States, 227 F. 799, 142 C. C. A. 323; Shea v. United States, 251 F. 440, 163 C. C. A. 458; Robilio v. United States, 259 F. 101, 170 C. C. A. 169; Nobile v. United States (C. C. A.) 284 F. 253. The portion of the charge of the court which it is claimed violated this statute is as follows:

"While you are the sole judges of the facts in the case, you would not be at liberty, of course, to arbitrarily disregard or reject testimony in the case, and especially where it is not contradicted, unless in the consideration of that testimony in some way you find it necessary in the performance of your duty to discredit or reject it. Then, of course, you should give it the weight and consideration you think it should receive at your hands."

It is clear that this language contained no direct comment on the failure of accused to testify. In our opinion, it cannot be fairly said that there was indirect comment on the prohibited subject-matter.

[5] The test is: Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify? We do not think the language used was manifestly intended as such a comment, nor do we think the jury would naturally and necessarily understand it to be such. Testimony by the defendant was not the only method of contradicting the story told by the government's witnesses, if untrue.

Comment by court and counsel that certain testimony is uncontradicted is common, oftentimes helpful, and very generally held to be without error. Shea v. United States, supra; Carlisle v. United States, 194 F. 827, 114 C. C. A. 531; Rose v. United States, 227 F. 357, 363, 142 C. C. A. 53; Lefkowitz v. United States (C. C. A.) 273 F. 664; Robilio v. United States (C. C. A.) 291 F. 975, 985; Bradley v. United States, 254 F. 289, 165 C. C. A. 577.

The case of Linden v. United States (C. C. A.) 296 F. 104, is, we think, not inconsistent with the foregoing. In that case the three defendants had been tried and convicted on a count, amongst others, for illegally transporting intoxicating liquor. The trial court, in its charge to the jury, had referred to the evidence as being uncontradicted and without explanation. This was held to be error in view of the Act of March 16, 1878. The appellate court, however, in reversing the lower court, based its decision on the peculiar facts disclosed. It said:

"The apprehension and arrest occurred at night, out in a stream. The only persons present were the three defendants and the two customs officers. The latter were witnesses for the prosecution. It follows, therefore, that the only persons who could possibly contradict their testimony were the defendants themselves. Obviously, then, the only persons to whom the learned trial judge could have alluded as not having contradicted the government's testimony, and as not having given an 'explanation of the transaction,' were the defendants. This is so clear that it does not require discussion. We are of opinion that this part of the court's charge involved error, and that the conviction thereunder was not valid."

In the case at bar the transaction in question took place in the daytime on a public highway. It does not appear that the government's witnesses and the parties charged with the offense were the only ones present. Only one of the parties charged was on trial, and, as stated above, it is not clear to our minds that the story of the government's witnesses could have been contradicted, if untrue, only by testimony by the defendant himself.

Under the circumstances, the charge given did not constitute error.

Judgment affirmed.