## ELAM v. UNITED STATES.

(Circuit Court of Appeals. Eighth Circuit. August 13, 1925.)

No. 6753.

1. Indians ⬤⟹35 — Statutes prohibiting introduction of liquor into Indian country not repealed.

The statutes prohibiting the sale or possession of liquor in the Indian country (Acts July 23, 1892, Jan. 30, 1897 [Comp. St. §§ 4136a, 4137], and Acts March 2, 1917, § 17, May 25, 1918 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4137a, 4137aa]), were not repealed by the Eighteenth Amendment or the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

2. Indians ⬤⟹35 — Statute including an Oklahoma county in "Indian country" held valid.

Act March 2, 1917, § 17 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4137a), declaring Osage county, Okl., "Indian country," within the meaning of the acts making it unlawful to introduce liquors into the Indian country held within the power of Congress and valid.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Indian Country.]

3. Criminal law ⬤⟹395—Manner of obtaining evidence by state officers does not affect its admissibility in federal courts.

That evidence was found and taken from the person of defendant when arrested by city police officers does not affect its admissibility in a federal court.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Criminal prosecution by the United States against Sam Elam. Judgment of conviction, and defendant brings error. Affirmed.

B. C. Trice, of Pawhuska, Okl., for plaintiff in error.

W. A. Maurer, U. S. Atty., and James A. Ingraham, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before SANBORN, LEWIS, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge. Plaintiff in error, hereafter called defendant, was tried and convicted on an indictment charging him with having in his possession on November 26, 1923, intoxicating liquors in and upon Indian country, to wit, Osage county, Okl. The indictment was drawn under Act May 25, 1918 (40 Stat. 563 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4137aa]), which refers to two former statutes (27 Stat. 260, and 29 Stat. 506 [Comp. St. §§ 4136a, 4137]), and Act March 2, 1917, c. 146 (39 Stat. 983 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4137a]), which provides "that all of Osage county, Oklahoma, shall hereafter be deemed to be Indian country within the meaning of the acts of Congress making it unlawful to introduce intoxicating liquors into the Indian country."

The assignments of error raise the following questions:

[1] (1) Whether those portions of the statutes above referred to, which made possession of intoxicating liquor in the Indian country a criminal offense, and fixed the punishment therefor, have been repealed or superseded by the Eighteenth Amendment and the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). This question is no longer open, having been answered in the negative by the Supreme Court in the case of Kennedy v. United States, 265 U. S. 344, 44 S. Ct. 501, 68 L. Ed. 1045. See, also, McClintic v. United States (C. C. A.) 283 F. 781; Browning v. United States, 6 F.(2d) 801.

[2] (2) Whether Congress had power to enact the portion of Act March 2, 1917 (39 Stat. 983), above quoted. This question has also been recently decided adversely to the defendant's contention by this court in the Browning Case.

[3] (3) Whether whisky, which was found upon the person of defendant and seized by the officers making the arrest, could be used as evidence against him. There was no showing that the officers making the seizure were officers of the United States government. On the contrary, it appeared from the evidence that they were city police officers. Such being the facts, the provisions of the Fourth and Fifth Amendments to the

Constitution of the United States do not apply. Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Youngblood v. United States (C. C. A.) 266 F. 795; Rowan v. United States (C. C. A.) 281 F. 137; Kanellos v. United States (C. C. A.) 282 F. 461; Timonen v. United States (C. C. A.) 286 F. 935; Thomas v. United States (C. C. A.) 290 F. 133; Coates v. United States (C. C. A.) 290 F. 134; Robinson v. United States (C. C. A.) 292 F. 683; Lerskov v. United States (C. C. A.) 4 F.(2d) 540.

(4) Whether the evidence was sufficient to sustain the verdict. The main testimony in the case was by one of the officers who made the arrest and seizure, and was to the effect that after the arrest he took from one of defendant's pockets a flask containing whisky. There was no evidence contradicting this. The suggestion of counsel that defendant might not have known of the presence of this bottle of whisky in his pocket does not merit serious consideration.

Judgment affirmed.