## BROWN v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit.
November 2, 1925.)

No. 4498.

1. **Indians ⊛=34—Act prohibiting sale of intoxicating liquor to Indian allottees and wards held not repealed by National Prohibition Act.**

Act Cong. Jan. 30, 1897, § 1 (Comp. St. § 4137), prohibiting sale of intoxicating liquor to Indian allottees and wards of government, being special in respect to Indians and Indian country, and intended to protect such Indians from evil effects of drinking such liquor, is not incompatible with, and hence not repealed by, National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), enacted to enforce Eighteenth Amendment.

2. **Indians 34—Indian allottee under charge of Indian agent held not withdrawn from protection of Anti-Liquor Sales Act by act making all native-born noncitizen Indians citizens.**

Act June 2, 1924 (Comp. St. 1925, § 3951aa), declaring all native-born noncitizen Indians citizens of United States, did not so emancipate Indian allottee under charge of Indian Agent as to withdraw him from protection of Act Jan. 30, 1897, § 1 (Comp. St. § 4137), which is amendatory of Rev. St. § 2139 (Comp. St. § 4136a); such act, which was enacted, not under police power, but under commerce clause (Const. art. 1, § 8), prohibiting commerce with individual Indian allottee by sale of intoxicating liquor to him, as well as with tribe or individual having tribal connections.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Evelyn Brown was convicted of selling intoxicating liquor to an Indian ward of the United States, and brings error. Affirmed.

Thomas J. Croaff and Joseph E. Morrison, both of Phœnix, Ariz., for plaintiff in error.

John B. Wright, U. S. Atty., of Tucson, Ariz., and Geo. T. Wilson and George R. Hill, Asst. U. S. Attys. both of Phœnix, Ariz.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

HUNT, Circuit Judge. Evelyn Brown was convicted of selling intoxicating liquor to one Enis, a Maricopa Indian under charge of an Indian Agent, and a ward of the United States. The indictment is drawn under the Act of Congress of January 30, 1897 (chapter 109, § 1, 29 St. 506 [Comp. St. § 4137]), which provides that any person who shall sell liquor or any article which produces intoxication, to an Indian to whom an allot-

ment of land has been made, while the title to the same shall be held in trust by the government, or to any Indian, a ward of the government in charge of any Indian superintendent or agent, or any Indian over whom the government, through its departments, exercises guardianship, and any person who shall introduce liquor into the Indian country, shall be punished by imprisonment for not less than 60 days and by a fine of not less than $100 for the first offense, and not less than $200 for each offense thereafter. That act was amendatory of section 2139 (Comp. St. § 4136a), which provided that every person (except an Indian in an Indian country) who sells or disposes of any spiritous liquor to an Indian under the charge of any Indian superintendent or agent, or who introduces or attempts to introduce any spirituous liquor or wine into the Indian country shall be punishable by imprisonment of not more than 2 years and by a fine of not more than $300. The sentence imposed was 2 years' imprisonment and a fine of $200. Motion in arrest of judgment was overruled, and writ of error was brought to review the judgment.

Upon the trial it was stipulated that defendant is a native-born Indian and an allottee of reservation land in Arizona, and is under the charge of a United States Indian agent.

Plaintiff contends that (a) the indictment states no offense, in that the statutes under which it was drawn have been modified, superseded, and repealed by the Eighteenth Amendment to the Constitution of the United States and by the National Prohibition Act of October 28, 1919 (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), in so far as such laws are applicable to any part of the United States except Indian country; and (b) that, by the Act of June 2, 1924 (chapter 233, 43 St. 253 [Comp. St. Supp. 1925, § 3951aa]), full and unqualified citizenship was granted to all native-born noncitizen Indians, and that thereupon the Indian to whom it is charged the liquor was sold ceased to be a ward of the United States.

[1] Considering the first point, it is always to be kept in mind that the statute of January 30, 1897, rests upon the governmental policy of protection of Indians who are wards of the government from the dangers and evil effects of drinking intoxicating liquor. The statute is special in respect to Indians and Indian country (Kennedy v. United States, 265 U. S. 344, 44 S. Ct. 501, 68 L. Ed. 1045), and, in view of the underlying policy of the legislation, we see no incompat-

*Certiorari denied 46 S. Ct. 203, 70 L. Ed. —.

ibility between it and the National Prohibition Act, which was enacted to enforce the Eighteenth Amendment. We therefore hold that there was no repeal (United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358; McClintic v. United States [C. C. A.] 283 F. 781).

[2] Whether the plaintiff in error Indian was so far emancipated by the Act of June 2, 1924 (43 St. 1923–24, pt. 1, p. 253), as to be withdrawn from the provisions of the special act is the next question. By the Act of June 2, 1924, all noncitizen Indians born in the United States are declared to be citizens of the United States, provided that the granting of such citizenship shall not in any manner impair or otherwise affect the right of any Indian to tribal or other property. If the interpretation adopted in Re Heff, 197 U. S. 488, 25 S. Ct. 506, 49 L. Ed. 848, still obtained, we should have to hold that the plaintiff in error being an allottee and a citizen of the United States and of Arizona guardianship by the United States was abandoned, and he became subject to the laws passed in the exercise of the police power of the state of Arizona and to the provisions of the National Prohibition Act. But the reasoning upon which the court founded its conclusion in the Heff Case was that the Act of January 30, 1897, supra, forbidding the sale of liquor to Indians, allottees made citizens, was an exercise of police power by Congress and not of the power given under section 8, art. 1, of the commerce clause of the Constitution. That view, however, has been held erroneous, and the Heff Case has been expressly overruled in United States v. Nice, 241 U. S. 591, 36 S. Ct. 696, 60 L. Ed. 1192, upon the ground that the legislation (section 2139, R. S.) which forbids sale of liquor to Indians was enacted, not under the police power, but under the commerce clause of the Constitution, and also because of the right of Congress to legislate with respect to Indian tribes in dependent relation to the United States.

In the Nice Case, the court cited United States v. Holliday, 3 Wall. 407, 18 L. Ed. 182, decided many years before the Heff Case, where, in stating the propositions affirmed in the Nice Case, the court also held that the locality of the traffic can have nothing to do with the power residing in Congress to legislate concerning Indian tribes. In the Holliday Case, as here, liquor was sold in a state and without an Indian reservation to an Indian under the charge of an agent. The distinction between the Holliday Case and that under consideration is that it does not appear here that the Indian involved in this matter was a member of an Indian tribe, whereas the Indian concerned in the Holliday Case was one of a tribe. But it does appear that Enis was an Indian under the charge of an Indian agent in Arizona and was an allottee of land; and, as the clear purpose of the cited legislation of 1897, prohibiting sales of liquor to Indians whether within or outside of reservations, was to protect the Indians under pupilage of the United States, and as an allottee is still in a more or less dependent relationship, logically it must follow that commerce with an individual Indian allottee, is prohibited as is commerce with a tribe or an individual having tribal connections. "Commerce with Indian tribes," said Justice Miller in the Holliday Case, "means commerce with the individuals comprising those tribes." And that citizenship is not incompatible with tribal relation was expressly held in the Nice Case, supra, again citing the Holliday Case to the point that it was immaterial to the decision that the Indian had become a citizen of the state. Again, in the earlier case of Hallowell v. United States, 221 U. S. 321, 31 S. Ct. 587, 55 L. Ed. 750, it was held that an Indian allottee of land, though a citizen of the United States, and entitled to the rights, privileges, and immunities of such citizenship, was still a ward of the government; citizenship not necessarily taking away jurisdiction of the United States to protect the Indian from the evil results of intoxicating liquor as was done in the Act of January 30, 1897.

We therefore believe that, in the absence of expression of clear intent to abandon special protection against the evils of intoxicating liquor, the Indian allottee holding the land allotted subject to restrictions placed by Congress is still to be accorded protection as one of the Indian race. Bowling v. United States, 233 U. S. 528, 34 S. Ct. 659, 58 L. Ed. 1080.

The judgment is affirmed.