## HAWLEY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 25, 1926.)

No. 7227.

1. **Internal revenue** ⬅46.

Stipulation of facts, failing to state an intent to defraud United States of tax, *held* insufficient to sustain judgment of forfeiture of automobile, under Rev. St. § 3450 (Comp. St. § 6352).

2. **Indians** ⬅35.

Under Act March 2, 1917 (Comp. St. § 4141a), automobile used in introducing liquor into Indian country is subject to forfeiture, under Rev. St. § 2140 (Comp. St. § 4141), as against bona fide holder of lien thereon.

**3. Indians ☞35.**

Act March 1, 1895, § 8 (Comp. St. § 4136b), prohibiting introduction of intoxicants into Indian country, was not repealed by National Prohibition Act (Comp. St. § 10138¼ et seq.), since offense is distinct from simple transportation of liquor.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Libel by the United States against W. D. Hawley for the forfeiture of an automobile. Judgment for the United States, and defendant brings error. Affirmed.

Linebaugh & Pinson, of Muskogee, Okl., for plaintiff in error.

Frank Lee, U. S. Atty., and W. F. Rampendahl, Asst. U. S. Atty., both of Muskogee, Okl.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and CANT, District Judge.

CANT, District Judge. This is a proceeding by libel for the forfeiture of an automobile seized in Muskogee county, Oklahoma. The claim of forfeiture was originally based on two grounds:

First, that the automobile was a conveyance which was being used in the removal and concealment of intoxicating liquor upon which the tax had not been paid to the United States, as provided by law, with intent to defraud the United States of such tax. This charge was based on the provisions of section 3450, Revised Statutes (Comp. St. § 6352). Second, that the automobile was being used and had been used in introducing intoxicants into the Indian country. This charge was made under section 2140, Revised Statutes (Comp. St. § 4141), as supplemented by the Act of March 2, 1917, c. 146, 39 Stat. 969, 970 (Comp. St. § 4141a). [1] These grounds are clearly separate and distinct. The stipulated facts attempt to cover both aspects of the case. The government rests mainly on the second ground. The plaintiff in error resists all claims. The first ground will be eliminated from extended consideration here. Regardless of whether or not section 3450, Revised Statutes, has been repealed, the stipulation of facts is insufficient to support that ground, in that it does not state that there was an intent to defraud the United States of any tax. This is an essential element of the charge, and its omission from the stipulation is important. Such missing fact should not be supplied by a process of spelling out uncertain conclusions from uncertain inferences.

The questions for consideration, therefore, are: First, was the court justified in finding that the automobile was being used and had been used in introducing intoxicants into the Indian country? The stipulated facts specifically answer this question in the affirmative. This is found in the third paragraph and in the last paragraph of the stipulation. If there were no stipulation, the evidence would amply justify the finding of the court. This is true, even if the evidence as to the statement of the man Case at the time of his arrest be eliminated. Second, under such circumstances, was said automobile subject to forfeiture as against the plaintiff in error, who is the bona fide holder of a lien thereon?

[2] By section 8 of the Act of March 1, 1895, c. 145, 28 Stat. 697 (Comp. St. § 4136b), the introduction of intoxicants into the Indian territory, including what is now known as Muskogee county, Oklahoma, is prohibited. The Act of March 2, 1917, c. 146, 39 Stat. 969, 970, provides that automobiles used in introducing intoxicating liquor into the Indian country, or where the introduction is prohibited by treaty or federal statute, whether used by the owner thereof or other person, shall be subject to seizure, libel, and forfeiture as provided under section 2140 of the Revised Statutes of the United States.

The language of the section last referred to, "whether used by the owner thereof, or other person," clearly indicates that the claim of an innocent owner or lienholder will not avail. Commercial Investment Trust v. United States (C. C. A.) 261 F. 330. The vehicle itself is condemned and forfeited, because of the use to which it has been put.

[3] The principal purpose of the statutes was to prevent the introduction of intoxicating liquor into Indian country, and thereby to prevent the consumption of such liquor by the inhabitants of such territory. For well-known reasons it was recognized that the use of liquor by such inhabitants was most harmful. Kennedy v. United States, 265 U. S. 344, 345, 44 S. Ct. 501, 68 L. Ed. 1045. The introduction of intoxicants into Indian country from territory which is foreign thereto is an offense which is entirely distinct from the simple transportation of intoxicating liquor, which is prohibited under the National Prohibition Act (Comp. St. § 10138¼ et seq.). See

Kennedy v. United States, 265 U. S. 344, 346, 44 S. Ct. 501, 68 L. Ed. 1045. The two offenses rest upon different bases. The first is rightly regarded as much the more serious, and the consequences attending the commission thereof may properly be more severe. One is special in its nature. The other is general. The enactment or the repeal of one does not necessarily affect the other. McClintic v. United States (C. C. A.) 283 F. 781, 782, 783. The Act March 1, 1895, supra, was not repealed, either expressly or by implication, by the admission of the state of Oklahoma into the Union, or by the Oklahoma Enabling Act of June 16, 1906, 34 Stat. 267. Edwards v. United States (C. C. A.) 5 F.(2d) 17, 18. It was not repealed by the National Prohibition Act. The closely related question, dealing with the possession of intoxicating liquor in Indian country, is decided in accordance with these views in Kennedy v. United States, 265 U. S. 344, 44 S. Ct. 501, 68 L. Ed. 1045. See also Elam v. United States (C. C. A.) 7 F.(2d) 887; Browning v. United States (C. C. A.) 6 F.(2d) 801; McClintic v. United States (C. C. A.) 283 F. 781.

If earlier laws, prohibiting the possession of intoxicating liquor in Indian country and prescribing penalties for a violation thereof, were not repealed by the National Prohibition Act, then, for still more persuasive reasons, must it be held that the early laws prohibiting the introduction of intoxicants into such territory, were not affected by that act.

The automobile here in question comes fairly within the provisions of the law, and the judgment of the trial court should be affirmed.