## OSTROM v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit. April 25, 1928.

No. 7973.

1. Criminal law ⊗⇒1044—Point raised by district attorney, not saved by motion for directed verdict or otherwise, will not be considered.

Point raised by district attorney, invoking 18 USCA § 550, making accessories in crimes principals and liable as such, which was not saved by motion for directed verdict or otherwise, and appeal being from second conviction, will not be considered.

2. Indians ⊗⇒38(4)—Indictment for possession of liquor in former Indian territory held sufficient.

Indictment charging possession of whisky at hotel in designated town and county of Okla-homa, "the said place where said liquor was possessed having been within limits of the Indian Territory prior to the admission of Oklahoma as a state," held to sufficiently inform defendant of the charge he would be required to meet.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

J. L. Ostrom was convicted of the possession of whisky within the former Indian Territory, and he brings error. Affirmed.

W. C. Peters, of Tulsa, Okl., for plaintiff in error.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl. (W. B. Blair, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before LEWIS, Circuit Judge, and SCOTT and DAVIS, District Judges.

LEWIS, Circuit Judge. This is the second appearance of Ostrom's case here. Smith et al. v. United States (C. C. A.) 18 F. (2d) 896. On retrial he was again convicted of the charge of having possession of one pint of whisky at the Terminal Hotel in the town of Slick, Okfuskee county, Okl.; the said place where said liquor was possessed having been within the limits of the Indian Territory prior to the admission of Oklahoma as a state.

[1] The facts adduced by the prosecution tended strongly to establish that Mrs. Smith, proprietress of the hotel, at the request of a government narcotic agent, sent Ostrom out to get a pint of whisky, that in a few minutes he came back with it, and Mrs. Smith then sold it to the agent for $2. Ostrom testified (and there was no contradiction of his statements) that he could not buy the whisky, as he expected to do, but that when he returned he met a boy who stayed at the hotel in the hallway with a pint bottle of whisky, who said, "That goes in there"—meaning the room in which Mrs. Smith, the agent, and others then were—that he took the bottle from the boy and handed it in to the folks at the door, and they all drank from the bottle. There was no other proof of Ostrom's connection with the transaction; and it is argued with much force that on these facts Ostrom's possession was not within the denunciation of the law. Colbaugh v. United States (C. C. A.) 15 F. (2d) 929. In response, the district attorney invokes section 550 of title 18 USCA, making accessories in crimes principals and liable as such. The point was not saved by motion for a directed

verdict or otherwise, and, as this is a second conviction on the same proof, we overrule it.

[2] It is contended the court erred in denying a motion to quash, on the ground that the indictment did not definitely and with certainty inform defendant of the charge he would be required to meet. The objection is without merit. The charge specifies the particular place and time and the offense then and there committed.

The constitutionality of the acts defining the offense is again drawn in question. We have several times considered and sustained the statute against this attack. Edwards v. United States (C. C. A.) 5 F. (2d) 17; Lucas v. United States (C. C. A.) 15 F. (2d) 32; Buchanan v. United States (C. C. A.) 15 F. (2d) 496; Renfro v. United States (C. C. A.) 15 F. (2d) 991; Sharp v. United States (C. C. A.) 16 F. (2d) 876; Kennedy v. United States, 265 U. S. 344, 44 S. Ct. 501, 68 L. Ed. 1045.

No exceptions were saved at the trial, and there is no merit in this appeal.

Affirmed.