## TILLER v. UNITED STATES.

Circuit Court of Appeals, Tenth Circuit.
September 4, 1929.

No. 100.

T. H. Davidson, of Muskogee, Okl., for appellant.

Frank Lee, U. S. Atty., of Muskogee, Okl.

Before COTTERAL, PHILLIPS and McDERMOTT, Circuit Judges.

PER CURIAM. The defendant was convicted of a violation of section 1 of the Act of Congress of June 30, 1919 (41 Stat. 4 [25 USCA § 244]), commonly referred to as the Hastings Amendment, which prohibits the possession of intoxicating liquors in the Indian country, or where the introduction of such liquors is or was prohibited by treaty or federal statute. The government's evidence was clear and convincing, and the defendant offered no evidence.

■ The defendant contends that the indictment is vague, indefinite and uncertain in two particulars. The indictment alleged the time of the commission of the offense as the 18th day of September, 1928. The defendant asserts that this is bad, because it does not allege whether it was in the daytime or nighttime. The indictment alleges the place of the commission of the offense as "a point in the seven hundred block on North Third street, in the city of Muskogee, Muskogee county, state of Oklahoma." The defendant contends that the government should allege the precise place within such block, where the offense was committed. Neither point is well taken. Swafford v. United States (C. C. A.) 25 F. (2d) 581; Davis v. United States (C. C. A.) 24 F.(2d) 814; Jarl v. United States (C. C. A.) 19 F.(2d) 891.

■ Counsel for the defendant further complains, in that, during the introduction of the testimony, a witness was asked the following question, referring to the defendant:

"Q. How long had you known him? A. I had arrested him before." The defendant objected to the question and answer and asked that it be stricken. The court directed the witness to answer the question. The witness then stated: "Three or four years." The defendant did not ask to have the court more formally instruct the jury to disregard the answer, nor did he take any exception to the manner in which the court ruled upon it, nor assign it as error. The point, if there is one, is therefore not before this court.

■ The defendant further contends that the Hastings Amendment is unconstitutional. We adhere to the decisions in the Eighth Circuit, upholding the constitutionality of this act. Edwards v. United States (C. C. A.) 5 F.(2d) 17; Lucas v. United States (C. C. A.) 15 F.(2d) 32; Sharp v. United States (C. C. A.) 16 F.(2d) 876; Hawley v. United States (C. C. A.) 15 F.(2d) 621; Renfro v. United States (C. C. A.) 15 F.(2d) 991.

There is no merit in this appeal, and the case is affirmed, with direction that the mandate of this court be issued forthwith.