## LITTLEWOOD v. KYLE, Collector.

### No. 19312.

District Court, E. D. Pennsylvania.

March 23, 1938.

Foulkrod, Sheppard, Porter & Alexander (by William C. Alexander, Jr.), all of Philadelphia, Pa., for plaintiff.

J. Cullen Ganey, former U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., and Fred J. Neuland and Norman Keller, Sp. Assts. to Atty. Gen., for defendant.

DICKINSON, District Judge.

Leave was granted to submit briefs, a ruling being in the meantime withheld.

The case is the usual one of a claim in reduction of income because of a bad debt loss.

### The Fact Situation

The plaintiff was a director of the Manayunk Trust Company. It showed symptoms of financial weakness in 1931. The Directors agreed to make it a loan of $150,000, payable after its deposit creditors. The plaintiff contributed $12,500 and made the Bank a loan of that sum. The Bank failed the same year and upon an appraisement made of its assets they were found to be of less value than the sum of its deposit debts. The plaintiff did not claim this loss when he made his return for the year because his other losses claimed exceeded his entire income and he thought there was no need to add to an already sufficient sum. The Commissioner, however, rejected one loss claim and with this out there was a net income. The plaintiff then asked to substitute for the rejected loss this Manayunk Trust Company bad debt. The Commissioner then rejected the latter deduction for the reason that "it had not been

ascertained and charged off within the calendar year within the meaning of Section 23, Clause J. of the Revenue Act [26 U.S.C.A. Int.Rev.Acts, page 357]". The plaintiff kept no books except what might be called a cash book memorandum. In this he made no entry, indicating the worthlessness in whole or part of this loan.

### Discussion

The meaning of the phrase "ascertained and charged off" has frequently engaged the attention of the Courts. If the taxpayer was in business, keeping what is called a regular set of books, the phrase "charged off" has a definite meaning. If, however, he kept no books, the phrase becomes well nigh meaningless. The Courts soon recognized this and have held, in effect, that if the books of the taxpaper were, as the phrase goes, "kept in his head", he could look there for the ascertainment and charging off. This did not mean that the taxpayer could arbitrarily say that he had ascertained the loss at one time or another. It was a question of fact, and if he had ascertained the loss at one time, he was not permitted to change this by his mere say so. The burden was on him to establish the fact that the loss had been ascertained and charged off within the taxable year. If, however, he had sustained a real loss and had ascertained it and charged it off within the year, his claim to a deduction was not thrown out for the mere lack of compliance with a bookkeeping formality. Burns v. United States, D.C., 34 F.2d 398, opinion by Maris, J.

The question has been formulated for us as "it is not when the debt became worthless but when its worthlessness was ascertained and the debt charged off". To this may be added that the question is not when the fact situation justified the finding that the debt was worthless nor when the taxpayer should have ascertained it to be worthless, but when in truth and fact he did so ascertain its worthlessness.

The instant case does not present the suggested problem. We are hearing it as upon a return for the year 1932, the claim to a reduction being made upon an amended return for that year. The loan, it is true, was made, and the Bank failed in 1931, but it does not follow that the loan was known to be bad when it was made or when the Bank closed its doors.

We are unable to understand how the question of the year of the ascertainment and charging off of the bad debt arises. Surely the claim to the reduction was both an ascertainment and charging off and just as surely it was within the taxable year.

From all the evidence in the case we make the following finding of fact:

1. The worthlessness of the Manayunk Trust Company debt of $12,500 was ascertained and charged off within the taxable year for which the deduction is claimed.

We state the following conclusion of law:

1. The plaintiff should have judgment in his favor and against the defendant.

To give definiteness of date to and the sum for which judgment is rendered, no judgment is now entered, but the parties have leave to enter judgment in accordance with this opinion, jurisdiction of the cause being reserved for this purpose.