**Paul Lee EDWARDS, Petitioner,**

v.

**Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Canon City, Colorado, Respondent.**

**Civ. A. No. 9161.**

United States District Court
D. Colorado.

Dec. 6, 1965.

---

George D. Dikeou, Denver, Colo., and J. B. Champion, Jr., Ardmore, Okl., for petitioner.

Duke W. Dunbar, Atty. Gen. of Colorado, by John P. Moore, Asst. Atty. Gen., Denver, Colo., for respondent.

ARRAJ, Chief Judge.

This matter is before the Court on a petition for a writ of habeas corpus and a motion for leave to proceed in forma pauperis. Leave to so proceed was granted by the Court and local counsel appointed to represent the petitioner. J. B. Champion, Jr., of Ardmore, Oklahoma, who represented petitioner both in the state court trial and on appeal, also appeared for him in the proceedings before this Court. Respondent was ordered to show cause why the relief prayed for should not be granted. After having heard the oral arguments of counsel, and after having read the briefs and the pertinent parts of the state trial record submitted to the Court, the Court is of the opinion that the petition must be denied.

Petitioner is presently confined in the Colorado State Penitentiary pursuant to a sentence of life imprisonment entered August 27, 1960 by the District Court in and for the City and County of Denver, State of Colorado. He was found guilty by a jury upon his plea of not guilty to the crime of murder in the first degree. The conviction was affirmed by the Colorado Supreme Court. Edwards v. People, 151 Colo. 262, 377 P.2d 399.

In the second amended petition, five grounds are presented whereby petitioner urges that his federal constitutional right was allegedly violated. Three involve conduct of the prosecution during final argument, the fourth alleges insuf-

ficient evidence to support the conviction and the fifth asserts that the state was so wilfully and grossly negligent in investigating the alleged crime and preserving evidence as to deny petitioner his right to adequately prepare and present his defense. Not all of these grounds were presented to the Colorado Supreme Court, but inasmuch as respondent has not raised the issue of exhaustion of state remedies the questions raised may be here determined.

The one ground upon which emphasis has been placed by petitioner, and the ground upon which oral arguments was based, relates to certain statements made to the jury by the state prosecuting attorneys. It is urged that in closing arguments, the District Attorney made improper comments upon the petitioner's failure to testify in his own behalf.

In support of this argument, petitioner relies primarily upon the rule established in Griffin v. California, (1965) 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, wherein the Supreme Court has stated:

> "The Fifth Amendment, in its direct application to the Federal Government and its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instruction by the court that such silence is evidence of guilt."

Respondent concedes that this rule applies to state trials, but argues that the remarks made by the prosecuting attorney do not fall within the area of comment forbidden by this rule. Respondent contends that each of the questioned remarks in the closing argument of the District Attorney falls within one of two categories: (1) A comment that particular evidence was not rebutted, or (2) a comment made in rebuttal to an argument previously advanced by defense counsel. In addition, respondent relies on the fact that none of the comments made by the District Attorney was objected to by petitioner's counsel.

While the question presented here is perhaps new in its application to state trials, particularly when raised in a proceeding such as this, the question of comment by the prosecution is no stranger to federal courts. The rule established in Griffin v. California, supra, is merely an extension of the rule made applicable to federal courts since the adoption of what is now 18 U.S.C. § 3481. Wilson v. United States, 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650.

■ Just what is an improper comment and what is not has been the subject of considerable litigation, however, a test upon which the determination of the question can be based has been established in Knowles v. United States, (10th Cir.) 224 F.2d 168, 170:

> "It is concededly improper and reversible error to comment on the failure of a defendant to testify in his own behalf, and the test is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. Morrison v. United States, 8 Cir., 6 F.2d 809. It is not improper for the government to draw attention to the failure or lack of evidence on a point if it is not intended to call attention to the failure of the defendant to testify."

Two things are therefore clear: (1) the prosecution cannot intentionally use any language in its closing argument which potentially calls the jury's attention to the fact that the accused has not testified; and, (2) the prosecution can, without violating any right of the accused, tell the jury that certain of the prosecution's evidence is unrebutted. Also see Gargotta v. United States, (8th Cir.) 77 F.2d 977; Hood v. United States, (10th Cir.) 59 F.2d 153; Banks v. United States, (8th Cir.) 204 F.2d 666; Sterling v. United States, (9th Cir.) 333 F.2d 443; United States v. Wright, (7th Cir.) 309 F.2d 735.

In addition to these points, it has also been held that the prosecution is allowed to rebut arguments made by the defense without violating the defendant's right to

remain silent. In Baker v. United States, (8th Cir.) 115 F.2d 533, 544, it is said:

"Counsel may make any argument which is based upon evidence or reasonable inferences therefrom and may reply to argument of opposing counsel, and in doing so may make statements which might otherwise be improper."

Thus, it would seem, an accused cannot argue his cause with impunity, provoking rebuttal, and then claim a violation of his rights when rebuttal occurs. Of course, before any argument made by the prosecution can come within this exception it must truly and fairly be made in reply to an argument advanced by the defense. The remarks challenged here fall within that category.

■ It must also be noted that not all statements made by the prosecution regarding the accused's defense or lack of defense violate the safeguards of the Fifth Amendment. It is only those arguments which call to the attention of the jury the fact that the defendant personally has failed to take the stand. Baker v. United States, supra; Gargotta v. United States, supra; Knowles v. United States, supra. It would seem that Griffin v. California portends the same conclusion. In viewing the arguments made by the prosecution set forth in the Griffin opinion, it is noted that all the references made were directed to the defendant personally. In the prosecution's argument, the pronoun "he", meaning the defendant, Griffin, was employed, as were the words "this defendant" and "the defendant". Indeed, the prosecutor actually stated that the defendant did not see fit to take the stand. Therefore, this Court is of the opinion that Griffin does not require a conclusion different from that which would be reached if this case had been tried in a federal court. In our view, Griffin merely extends the rule in Wilson v. United States, supra, to the state courts much in the same way as Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, extended the exclusionary rule of Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, to state courts.

■ Finally, the result of the instant case must also rest in part on the failure of the petitioner to object to the arguments of the prosecution at the time when they were raised. It has been held before that a timely objection is a condition precedent to a review of improper arguments by counsel for the government. Langford v. United States, (9th Cir.) 178 F.2d 48. It would appear that the same rule should attach here as well. Petitioner was represented by experienced and competent trial counsel. They could have made timely objection, but apparently their trial strategy dictated otherwise.

■ In reviewing the arguments made by the state District Attorney, the Court finds that while statements were made which this Court would have deemed otherwise objectionable, the Court finds no statement which falls within the interdiction of Griffin v. California, supra. All statements either rebutted a defense argument or indicated that certain evidence was uncontradicted. There were no personal references to the defendant, nor to his failure to testify in his own behalf.

■■ With respect to the remaining questions presented in the petition, we believe that none of these are of constitutional significance. Suffice it to say that federal courts will grant relief to state prisoners only when fundamental constitutional guarantees have been transgressed. Browning v. Hand, (10th Cir.), 284 F.2d 346. The Court finds that the conduct of the prosecuting attorneys in their presentation of the case was not such a disregard of fundamental fairness that offends the concept of due process. Chavez v. Dickson, (9th Cir.) 280 F.2d 727; Sampsell v. People, (9th Cir.) 191 F.2d 721. The Court also finds that although a conviction based upon a total lack of evidence would raise a due process issue, petitioner's allegation of insufficient evidence does not. Faust v. North Carolina, (4th Cir.) 307 F.2d 869; United States ex rel. Brogan v. Martin, (3d Cir.) 238 F.2d 236. Finally, even if the State of Colorado owed a duty to petitioner to present its case in a

particular manner and even if the neglection of such a duty gave rise to a constitutional question, petitioner has not established the existence of such duty or such neglect. Accordingly, the Court finds no merit in this contention.

For the reasons stated the Petition for Writ of Habeas Corpus is denied.