Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for plaintiff.

John L. Gedid, Pittsburgh, Pa., for defendant.

**UNITED STATES of America**

**v.**

**Duval Martin PAYNE.**

**Crim. A. No. 68–218.**

United States District Court
W. D. Pennsylvania.

May 14, 1969.

## OPINION

WEBER, District Judge.

The above-named defendant was tried before a jury and found guilty of armed robbery. We have before us Defendant's Motion for a New Trial on the ground that the Assistant United States Attorney in his closing argument violated defendant's Fifth Amendment privilege against self-incrimination by commenting to the jury on defendant's failure to testify.

During the course of the trial the government produced the arresting FBI agent who testified as to what defendant told him when defendant was arrested in the vicinity of the robbed bank and his reasons for being there.

In his closing argument we believe the Assistant United States Attorney went beyond permissible comment and twice brought to the jury's attention defendant's failure to take the stand in his own

defense to repudiate the government witness:

"We don't hear any dispute that what he told the FBI was wrong, that it was a lie, that this defendant repudiates it.",

and again as to why the defendant was in the vicinity of the robbed bank:

"Well, we are only left to speculate, because no one could know except the man who did it, Duval Payne * * *".

The government argues that any comments made by the Assistant United States Attorney were remote allusions to the failure of the defendant to testify and made incidentally during the closing argument.

We do not find these remarks so innocuous. We feel that this language is of such a character that the jury would necessarily take it to be a comment on the failure of the accused to testify.

We distinguish between those cases where the prosecuting attorney passively states that the government's testimony is uncontradicted and where the United States Attorney actually states that the defendant does not deny any of the evidence. In the first instance the prosecution's evidence is referred to generally, but in the latter the defendant is specifically called upon to dispute or explain the government testimony. Edwards v. Patterson, 249 F. Supp. 311 [D.Colo.1965]. This goes beyond permissible comment and is violative of defendant's constitutional rights to remain silent.

 Where the prosecutor remarks that the evidence offered by the Government is uncontradicted and where the defendant is the only person who could have contradicted the evidence, it is generally held that the comment refers to defendant's failure to testify and is improper. Linden v. United States, 296 F. 104 [3rd Cir., 1924]; Desmond v. United States, 345 F.2d 225 [1st Cir., 1965].

In the instant case, the prosecutor's remarks go beyond this and specifically state that the defendant Duval Payne is the only person who could know the facts and that the jury is left to speculate as to what really happened. This is as close as one can get without actually stating that defendant did not take the stand in his defense.

We are of the opinion that the statements made during the government's closing argument have no other effect except to invite the jury's attention to the fact that the defendant had not taken the stand to testify and were, therefore, violative of his Fifth Amendment right. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 [1956].

### ORDER

And now this 14th day of May, 1969, Defendant's Motion for a New Trial is Granted.